■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELLIOTT GARNER, Appellant, v WARDEN, RIKERS ISLAND CORRECTIONAL FACILITY et al., Respondents. [833 NYS2d 384]—

Order, Supreme Court, Bronx County (Michael A. Gross, J.), entered July 20, 2006, which, inter alia, denied the petition seeking to vacate the parole warrant issued against petitioner on the ground that the postrelease supervision component of petitioner's sentence, the violation of which had been the basis for the parole warrant, had been illegally imposed, unanimously affirmed, without costs.

The contention raised in this proceeding, that the mandatory imposition upon petitioner of a five-year period of postrelease supervision was illegal, has been previously adjudicated, having been raised by petitioner, and rejected by the sentencing court, in the context of petitioner's motion to vacate his sentence pursuant to CPL 440.20. In deciding the CPL 440.20 motion, the sentencing court specifically held that the challenged aspect of the sentence was not unauthorized, illegally imposed or otherwise invalid as a matter of law because five years of postrelease supervision was "required for defendants sentenced as second violent felony offenders (Penal Law § 70.45 [2])." In so holding, the court necessarily determined that the mandatory period of postrelease supervision was not unauthorized simply because it was to be enforced by corrections or parole authorities (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *Ryan v New York Tel. Co.*, 62 NY2d 494 [1984]; *People ex rel. Hatzman v Kuhlmann*, 191 AD2d 976 [1993], *appeal dismissed and lv denied* 82 NY2d 683 [1993]).

Moreover, petitioner unsuccessfully raised the same claim in a CPLR article 78 proceeding (*Matter of Garner v New York State Dept. of Correctional Servs.*, 39 AD3d 1019 [3d Dept 2007]), and the dismissal of that petition has similar res judicata effect. Concur—Saxe, J.P., Friedman, Williams, Buckley and Kavanagh, JJ.