OPINION OF THE COURT
Gerard M. Weisberg, J.
The issue presented by this motion is whether a contract *439 with the State of New York which is subject to subdivision 2 of sectin 112 of the State Finance Law may be modified by a signed written document which lacks the approval of the Comptroller.
Claimant has moved for permission to file a late claim predicated upon breach of an express contract for the leasing of a pneumatic air compressor by the Long Island State Park and Recreation Commission (Commission)[1] for a term of two and one-half months commencing on December 15, 1978 for a total price of $3,975. Claimant was awarded this contract after a solicitation of bids pursuant to which claimant’s low bid was accepted by the Comptroller. Contemporaneous with the delivery of the compressor, claimant submitted a rental agreement which was signed by Edward Ljungqvist, a shift operations supervisor employed by the Commission. Immediately preceding his signature are the words: "[w]e have received this equipment pursuant to our order for rental thereof. This rental is subject to all of the conditions printed on the reverse side of the document. The receipt of this equipment shall constitute an acceptance of the terms and conditions therein contained.” The "rental agreement” contains 16 numbered paragraphs. Paragraph 4 provides that the lessee shall be solely liable regardless of fault for loss or damage to the equipment by reason of theft, fire, flood, weather, collision or other physical mishap, and that the lessee shall procure and maintain a contractor’s equipment floater policy insuring the lessor against theft or destruction of and/or damage to the equipment. Paragraph 12 imposes potential liability upon the State for all expenses incident to litigation between the parties, including a reasonable attorney’s fee in an amount not less than 20% of any recovery. Paragraph 13 gives claimant the option to submit any dispute between the parties either to a court having jurisdiction under and pursuant to the New York Simplified Procedure for Court Determination of Disputes (CPLR 3035) or to arbitration in accordance with the rules of the American Arbitration Association. It is undisputed that this rental agreement, although signed by a State employee, was never submitted to or accepted and filed by the Comptroller.
*440 The present controversy arises from the fact that on February 9, 1979, the air compressor sustained extensive fire damage while in the State’s possession. Thereafter, having learned that the State did not procure a policy of insurance, as required by the rental agreement, claimant made the present motion for permission to file a late claim on October 4, 1979. The proposed claim alleges two causes of action both of which are expressly predicated upon paragraph 4 of the rental agreement pursuant to which the State is sought to be held liable for (1) failure to redeliver the compressor in the same condition as when received, ordinary wear and tear excepted, and (2) failure to obtain a policy of insurance relating to theft, destruction or damage to the equipment.
Upon such a motion, the court must consider six specific factors, to wit: (1) whether the delay in filing the claim was excusable; (2) whether the State had notice of the essential facts constituting the claim; (3) whether the State had an opportunity to investigate the circumstances underlying the claim; (4) whether the claim appears to be meritorious; (5) whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the State; and (6) whether claimant has any other available remedy. (Court of Claims Act, § 10, subd 6.)
Of particular significance is the question of whether the claim appears to be meritorious, since it would be an act of futility to permit the filing of a claim which is patently defective, or to which there is a complete defense, even where other factors are favorable to granting the application. Concerning this issue, it is claimant’s burden to show that the claim sought to be filed has the appearance of merit.
The State has pleaded subdivision 2 of section 112 of the State Finance Law as a complete bar to the claim. This section provides in substance that no contract with the State of New York for a sum in excess of $1,000 shall be enforceable unless approved by the Comptroller and filed in his office. (Belmar Contr. Co. v State of New York, 233 NY 189; Blatt Bowling & Billiard Corp. v State of New York, 14 AD2d 144.) The comptroller’s approval may not be waived nor can the State be estopped to assert the statute’s protection. (Long Is. R. R. Co. v State of New York, 185 Mise 646.)
Unquestionably, claimant has established prima facie that a contract exists with the State for the rental of machinery. That contract came into being by virtue of the Comptroller’s *441 acceptance of claimant’s bid. The documents constituting that agreement do not provide for the assumption of strict liability for damage to the machinery, nor is there any provision relating to the procuring of an insurance policy. Claimant’s position upon this motion is that the rental agreement should be considered "as part of the deal insofar as it does no more than fix the degree of care required of the bailee and the extent of the bailee’s liability for damage to the equipment.” It is thus clear that the "rental agreement” purported to modify or supplement the original agreement and was not intended as the embodiment of the entire agreement between the parties, notwithstanding a merger clause contained in the rental agreement.[2]
The changes sought to be made in the original agreement are highly significant. The rental agreement imposes liability on the State without fault — a substantial departure from the original contract which contains no reference to liability and would therefore be governed by the general law of mutual benefit bailments pursuant to which the bailee cannot be held liable unless his negligence was the proximate cause of the damage. (Aronette Mfg. Co. v Capitol Piece Dye Works, 6 NY2d 465; Stewart v Stone, 127 NY 500.) The modification has the potential effect of imposing liability for the full value of the equipment, where under the original agreement, no liability might exist because of the absence of negligence. Consequently, since the rental agreement changes the legal effect of the original contract, it clearly constitutes a material alteration thereof. (Sundail Constr. Co. v Liberty Bank of Buffalo, 277 NY 137; Restatement, Contracts, § 435.) Moreover, the rental agreement, insofar as it requires the State to obtain a policy of insurance, entails the expenditure of public funds in a manner which was not previously contemplated or bargained for. Section 112 of the State Finance Law was enacted, inter alla, to prevent the undertaking of liabilities for which no appropriations have been made and to provide a check on the making of improvident contracts to the State’s detriment. (Deverho Constr. Co. v State of New York, 94 Misc 2d 1053; see, also, Kooleraire Serv. & Installation Corp. v Board of Educ., 28 NY2d 101.) These objectives would be frustrated by a rule which permitted previously negotiated *442 and approved contracts to be materially altered without resubmission to the Comptroller.
A useful analogy can be drawn between subdivision 2 of section 112 of the State Finance Law and the Statute of Frauds concerning the subject of modifications. (See Belmar Contr. Co. v State of New York, 233 NY 189, 194.) Under section 2-209 of the Uniform Commercial Code, a contract is subject to the Statute of Frauds (Uniform Commercial Code, § 2-201), if by its terms, as modified, the statute would be applicable. A fortiori where the original contract is subject to the statute, so must a modification thereof which increases the contract’s monetary amount. Similarly, a contract subject to section 112 of the State Finance Law cannot be modified so as to increase the State’s liability except with the Comptroller’s approval. (See Sorrentino v State of New York, 13 AD2d 5; Westgate North v State Univ. of N. Y, 77 Mise 2d 611, affd 47 AD2d 1004; Edwards v State of New York, 14 Misc 2d 748, 752-753.) We conclude, therefore, that the rental agreement never became part of the contract. The original contract however remains in full force and effect. (See Restatement, Contracts, § 223.)
 Since the proposed claim is predicated solely upon the unenforceable rental agreement, the claim does not "appear to be meritorious.” Accordingly, claimant’s motion for permission to file a late claim is denied. Claimant has indicated by way of its supporting affidavit, reply affirmation and memorandum of law that it possesses a cause of action for breach of the bailment relationship based upon the State’s negligence, although no such cause of action was pleaded in the proposed claim. The court’s denial of the present motion is therefore without prejudice to a further application in which claimant may, if so advised, set forth a cause of action for the State’s negligence as bailee.

. The Long Island State Park and Recreation Commission is an instrumentality of the State of New York under the authority of the Office of Parks and Recreation (Parks and Recreation Law, arts 3, 7). The defendants will hereinafter sometimes be referred to collectively as the "State.”

. Paragraph 15 of the rental agreement provides that "[t]his contract contains the entire agreement between Lessor and Lessee, and may not be altered, modified, varied or terminated, except by an instrument in writing signed by the party to be charged.”