OPINION OF THE COURT
Adolph C. Orlando, J.
On December 18, 1978, the claimant, an employee of Howard Johnson’s restaurant, while in the course of her employment, slipped on a terrazzo-like floor and sustained a fracture to the neck of the right femur.
The next day an open reduction was performed and a pin applied. She remained hospitalized until January 3, 1979, when she was permitted to return to her home.
During this confinement at home which, she alleges, lasted three and one-half months the claimant required around-the-clock aid. For the next 10 months she required trained help for eight hours each day. She alleges that during the entire 14-month period she was in constant pain and she is now totally disabled.
Shortly after the accident claimant sought and did in fact receive workers’ compensation benefits. The extended period of convalescence, she alleges, prevented her from filing a claim in this court within the 90-day period prescribed by statute.
*968 ' The claimant contends that an employee injured in the course of employment is not barred from bringing a common-law action sounding in tort against the employer’s workers’ compensation insurance carrier on the theory that the insurance carrier negligently inspected the premises and that injuries proximately resulted from the negligent inspection.
The defendant contends (1) that the medical condition of the claimant does not rise to the status of the reasonable justification for the late filing and (2) that within 90 days after the accident claimant applied for and received workers’ compensation benefits and that the receipt of such benefits were tantamount to an election of remedies. Accordingly, the defendant contends claimant may not now pursue this claim against the State.
Lastly, the defendant argues that the claimant does not have a meritorious cause of action as required by subdivision 6 of section 10 of the Court of Claims Act.
On a motion to file a late claim the court, in exercising its discretion, must weigh all of the enumerated factors in subdivision 6 of section 10 of the Court of Claims Act and may consider other relevant factors brought to its attention. These factors need not exist conjunctively (Kelly v State of New York, 57 AD2d 320, affd 45 NY2d 973).
Whether or not the court’s favorable discretion is warranted is based on the totality of circumstances rather than a favorable resolution on a majority of the six factors as enumerated (Hash v State of New York, Motion No. M-20411 [Orlando, J., filed March 29, 1978]).
Claimant alleges that physical disability prevented her from filing a claim within the prescribed period of time. It is abundantly clear that the excuse need only be reasonable and it is not required that the claimant show a complete physical inability (Carmen v State of New York, 49 AD2d 965). The excuse must relate to the initial 90-day period (Bloom v State of New York, 5 AD2d 930).
It is uncontradicted that the claimant was hospitalized for two weeks, operated on and generally laid up for a period of three and one-half months requiring a 24-hour-a-day sleep-in aide. The fact that she sought and received *969 workers’ compensation benefits is of no consequence as to a reasonable excuse. In any event the court finds that her physical impairment does provide an adequate excuse for the delay in filing.
Notice, opportunity to investigate and substantial prejudice are so interrelated that these factors must be considered as a whole.
Claimant, in support of her allegations, claims that the State has in fact had the requisite notice and the opportunity to investigate. It cites a State insurance file number in support of her allegation that the State knew of the incident, investigated it and provided her with workers’ compensation benefits.
The defendant has not demonstrated to this court that despite the delay in filing it cannot now prepare and proceed to trial, nor does it argue that the delay in filing has generated an unfair advantage to the claimant.
The State argues further that claimant has another available remedy since she was injured in the course of her employment. This court on other occasions addressed this question and concluded that although workers’ compensation benefits is an available remedy it is only a partial remedy and not sufficient to bar the relief requested pursuant to subdivision 6 of section 10 of the Court of Claims Act (Caruso v State of New York, Motion No. M-20264 [DeIorio, J., filed Jan. 18,1978]; Conklin v State of New York, Motion No. M-20479 [Hanifin, J., filed April 19, 1978]).
Whether or not the claim appears to be meritorious must be among the first factors considered by the court (Andreano v Testa, 64 AD2d 1019). It would be futile to permit a defective claim to be filed, subject to dismissal, even if the other factors as discussed tended to favor the granting of the request (Flaherty Corp. v State of New York [N. Y. State Parks & Recreation Div.], 102 Misc 2d 438).
This court has on numerous occasions defined what is a meritorious cause of action. The claim must not be patently groundless, frivolous or legally defective and the court upon consideration of the entire record must find that there is a reasonable cause to believe a valid cause of *970 action does exist (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1; Plate v State of New York, 92 Misc 2d 1033).
Claimant argues that the State Insurance Fund (Fund) failed to properly and adequately inspect the premises, and that such failure to adequately perform this duty imposed by the contract resulted in the damages alleged.
In an action sounding in negligence the first and essential requirement is to determine whether the alleged tortfeasor has a duty and if that duty extends to this claimant (Bivas v State of New York, 97 Misc 2d 524). Assuming that there was a duty, was that duty breached and was that breach the proximate cause of the injury (Bivas v State of New York, supra).
It is well settled that in the absence of any duty there cannot be any breach and without a breach there is no liability (Pulka v Edelman, 40 NY2d 781).
The policy for workers’ compensation between the State Insurance Fund and Howard Johnson provided that the State Insurance Fund had the right to inspect work places and equipment. “Neither the right to make inspections nor the making thereof nor any reports thereon shall constitute an undertaking on behalf of or for the benefit of the employer or others, to determine or warrant that such work places, operations, plants, machinery, appliances and equipment are safe.” (Contract of Insurance, § 8, Inspection and Audit.)
Claimant would have this court believe that the making of such inspection created a duty on the carrier to make the premises safe and that such duty would inure to the benefit of the claimant. It apparently is of little moment to the claimant that the language of the insurance contract specifically repudiates such a conclusion. (See above.)
This court is in agreement with the case of Nieto v Investors Ins. Co. of Amer. (NYLJ, Dec. 14, 1981, p 18, col 5). If in fact the carrier undertook these inspections it did so solely for its own benefit and to avoid unnecessary risks. Claimant alleges in her moving papers that a nonskid surface was placed in the work area of the bar and soda fountain but not between the space connecting the two, *971 where the accident occurred. Movant argues that since these changes were made at the insistence and direction of the State Insurance Fund the failure to provide a nonskid surface where the accident occurred rendered the Fund liable.
If in fact the insurance carrier did undertake these inspections it was not on a voluntary basis and for the benefit of someone else in furtherance of that interest. It is well settled that one may not be liable for such conduct if it’s for one’s own protection and not for the purpose of aiding another (Home Mut. Ins. Co. v Broadway Bank & Trust Co., 53 NY2d 568). Likewise, claimant may not pursue this claim on the basis that the contract of insurance was really for her benefit (Ramos v Shumavon, 21 AD2d 4, affd 15 NY2d 610).
The facts clearly and unequivocally lead to the conclusion that this contract of insurance and in particular the provision dealing with inspection of the premises specifically exclude claimant (Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, affd 49 NY2d 924; Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652; Cerullo v Aetna Cas. & Sur. Co., 41 AD2d 1).
To allow claimant to construe the insurance contract provision for and on behalf of her protection would be in essence to rewrite that provision and expose the carrier to a risk that was not contemplated at the inception of the coverage (Village of Potsdam v Home Ind. Co., 52 AD2d 278).
Finally, claimant’s reliance on the case of Cline v Avery Abrasives (96 Misc 2d 258) is misplaced. The central point in that opinion is that the carrier is not cloaked with the same immunity from suit as the employer. In analyzing the legislative intent the court reasoned that since an insurance carrier is not an employer it may be sued separately and individually, notwithstanding the fact that workers’ compensation benefits were paid. On the basis of public policy it permitted the cause of action to stand.
When bringing an action against the State, and its subdivisions, liability may attach only for acts of negligence that an individual or corporation would be liable for *972 under the same circumstances; acts of omission or commission that are not protected by governmental immunity (Court of Claims Act, § 8).
Since the claimant has not shown the existence of the duty to the claimant in the first instance, accordingly, none can be breached and hence no liability may ensue.
This is fatal to the filing of this late claim.
The claim has failed to meet the standard as outlined. It is legally defective and after an examination of the entire record the court does not find cause to believe a valid cause of action exists. The claim does not appear to be meritorious.