■ In the Matter of DEREK A. DEAL, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [778 NYS2d 319]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered April 15, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from imposing a period of postrelease supervision upon him.

Pursuant to a plea of guilty, petitioner was convicted of one count of burglary in the second degree, a class C violent felony, in 1999 (*see* Penal Law § 70.02 [1] [b]; § 140.25). County Court followed the terms of the plea agreement and sentenced petitioner as a second felony offender to a term of imprisonment of five years (*see* Penal Law § 70.06 [6] [b]). At sentencing, County Court did not advise petitioner that an automatic part of his sentence was a five-year period of postrelease supervision and did not explicitly sentence petitioner to such (*see* Penal Law § 70.45 [1], [2]). After learning that respondents intended to subject him to postrelease supervision, petitioner commenced this CPLR article 78 proceeding to prohibit them from doing so. Supreme Court dismissed the petition, prompting this appeal.

Petitioner, who acknowledges that he is not challenging either his judgment of conviction or his sentence, seeks to prohibit respondents from imposing a period of postrelease supervision. Inasmuch as petitioner was sentenced to a determinate sentence for his commission of a violent felony in 1999, "a period of postrelease supervision [was] automatically included" in his sentence by statute (*People v Lindsey*, 302 AD2d 128, 129 [2003], *lv denied* 100 NY2d 583 [2003]; *see* Penal Law § 70.45 [1]; *People*

*v Munck*, 4 AD3d 627, 628-629 [2004]; *People v Hazen*, 308 AD2d 637, 637-638 [2003]). Since respondents are enforcing a statutorily-required part of petitioner's sentence, they have not performed any judicial function, making prohibition an unavailable remedy (*see Matter of Hall v Coughlin*, 188 AD2d 792 [1992]; *Matter of Town of Fenton v New York State Dept. of Envtl. Conservation*, 117 AD2d 920, 922 [1986], *lv denied* 67 NY2d 606 [1986]). As such, Supreme Court properly dismissed the petition.

Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.