■ In the Matter of ELLIOTT GARNER, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [831 NYS2d 923]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered June 27, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from imposing a period of postrelease supervision upon him.

Following an unsuccessful motion to vacate his sentence (*see* CPL 440.20 [1]) on the ground that the sentencing court did not inform him that he would be subject to a mandatory five-year period of postrelease supervision (*see People v Lindsey*, 302 AD2d 128, 129 [2003], *lv denied* 100 NY2d 583 [2003]; *see also* Penal Law § 70.45 [1]), petitioner commenced this proceeding to prohibit respondents from imposing that part of his sentence. As respondents are only enforcing, not imposing, a part of petitioner's sentence which was automatically included by statute, they have not performed any judicial function, making prohibition an unavailable remedy (*see Matter of Deal v Goord*, 8 AD3d 769 [2004], *appeal dismissed* 3 NY3d 737 [2004]). Accordingly, the petition was properly dismissed, albeit for reasons different from those stated by Supreme Court.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.