In the Matter of Robert Dreher, Appellant, v Glenn S. Goord, as Commissioner of Correctional Services, et al., Respondents. [848 NYS2d 758]—

Kane, J. Appeal from a judgment of the Supreme Court (McCarthy, J.), entered December 27, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from imposing a period of postrelease supervision upon him.

Upon his plea of guilty, petitioner was convicted of several crimes including assault in the second degree. County Court (Corning, J.) sentenced petitioner as a second felony offender to, among other terms, seven years in prison for the assault conviction. The court did not impose any period of postrelease supervision. After petitioner entered the prison system, the Department of Correctional Services (hereinafter DOCS) calculated his

time by including a five-year period of postrelease supervision. Petitioner commenced this proceeding seeking a writ of prohibition against respondents, essentially precluding DOCS from imposing a period of postrelease supervision. Supreme Court dismissed the petition, prompting petitioner's appeal.

We reverse. While Penal Law § 70.45 (1) provides that "[e]ach determinate sentence also includes, as a part thereof, an additional period of post-release supervision," sentencing remains the province of the courts. The Legislature did not authorize DOCS to impose any period of postrelease supervision (*compare* Correction Law § 601-a). Under Correction Law § 601-a, DOCS' wardens are required to contact the prosecuting district attorney when it appears that a person was "erroneously sentenced as a second, third or fourth offender." If the district attorney agrees, the warden must contact the sheriff of the county, who in turn must take the person before the sentencing court for purposes of resentencing (*see* Correction Law § 601-a; *compare* CPL 440.40 [1]). The Legislature has thus shown that while DOCS has some role in correcting an unlawful sentence, the courts are responsible for actually imposing a correct sentence. "The only cognizable sentence is the one imposed by the judge. Any alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect" (*Earley v Murray*, 451 F3d 71, 75 [2d Cir 2006], *cert denied* 551 US —, 127 S Ct 3014 [2007]; *accord People v Duncan*, 42 AD3d 470, 471 [2007]). To the extent that our prior decisions have held otherwise (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 39 AD3d 1019, 1019 [2007], *lv granted* 9 NY3d 809 [2007]; *Matter of Deal v Goord*, 8 AD3d 769, 769-770 [2004], *appeal dismissed* 3 NY3d 737 [2004]), they should no longer be followed (*see Matter of Quinones v New York State Dept. of Correctional Servs.*, 46 AD3d 1268 [2007] [decided herewith]). Accordingly, petitioner is entitled to a writ prohibiting respondents from imposing upon him any period of postrelease supervision which was not included by a court as part of petitioner's sentence.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.