■ In the Matter of JOSELITO QUINONES, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [848 NYS2d 757]—

Rose, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered November 29, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursu-

ant to CPLR article 78, to review a determination of the Commissioner of Correctional Services imposing a period of postrelease supervision on petitioner.

In 2004, petitioner was convicted after trial of a number of offenses, including attempted murder in the second degree, a class B violent felony, and sentenced to concurrent determinate terms of imprisonment, the greatest of which was 12½ years (*see People v Quinones*, 41 AD3d 868 [2007]). Because he was not also explicitly sentenced to a period of postrelease supervision, petitioner commenced this proceeding to annul the determination of the Commissioner of Correctional Services which added a five-year period of postrelease supervision to his sentence (*see* Penal Law § 70.45 [2]). Inferring from our case law that petitioner's sentence automatically included postrelease supervision by operation of law despite the sentencing court's omission, Supreme Court found no error in the Commissioner's determination and dismissed the petition.

We must reverse. The 2004 amendment of Penal Law § 70.45 (L 2004, ch 738, § 35) now makes clear that the period of postrelease supervision for first-time violent felony offenses, among others, is to be set in the court's discretion between the minimum and maximum periods stated in Penal Law § 70.45 (2). Since the sentencing court here could have imposed less than a five-year period if it had determined the issue (*see* Penal Law § 70.45 [2] [f]), we cannot agree with respondent that imposition of a five-year period was mandatory or a purely ministerial act on the part of the Commissioner. Rather, we agree that "[t]he only cognizable sentence is the one imposed by the judge. Any alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect" (*People v Duncan*, 42 AD3d 470, 471 [2007], quoting *Earley v Murray*, 451 F3d 71, 75 [2d Cir 2006], *cert denied* 551 US —, 127 S Ct 3014 [2007]; *see People v Royster*, 40 AD3d 885, 886 [2007], *lv denied* 9 NY3d 881 [2007]; *People v Hill*, 39 AD3d 1, 11 n 7 [2007], *revd on other grounds* 9 NY3d 189 [2007]). To the extent that our prior decisions in *Matter of Deal v Goord* (8 AD3d 769 [2004], *appeal dismissed* 3 NY3d 737 [2004]) and *Matter of Garner v New York State Dept. of Correctional Servs.* (39 AD3d 1019, 1019 [2007], *lv granted* 9 NY3d 809 [2007]) reached a different conclusion, they should no longer be followed.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.