■ In the Matter of DAVID DONHAUSER, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [852 NYS2d 474]—

Carpinello, J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered March 14, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding that petitioner's sentence included a period of postrelease supervision.

As a second violent felony offender, petitioner was sentenced, among various terms, to a prison sentence of 12 years for burglary in the second degree. The sentencing court did not impose any period of postrelease supervision. After petitioner entered the prison system, the Department of Correctional Services calculated his time by including a five-year period of postrelease supervision. Contending that his sentence does not explicitly include a period of postrelease supervision, petitioner commenced this proceeding to review the determination of respondent which found that petitioner's sentence included a period of postrelease supervision. Relying upon our previous case law that postrelease supervision was automatically included as a

part of petitioner's sentence pursuant to Penal Law § 70.45, Supreme Court dismissed the petition.

Subsequent to Supreme Court's dismissal, this Court held that postrelease supervision sentencing is exclusively the province of the courts (*see Matter of Dreher v Goord*, 46 AD3d 1261, 1262 [2007]). Since the only legally cognizable sentence is one imposed by a judge, "[a]ny alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect" (*Earley v Murray*, 451 F3d 71, 75 [2d Cir 2006], *cert denied* 551 US —, 127 S Ct 3014 [2007]; *see Matter of Quinones v New York State Dept. of Correctional Servs.*, 46 AD3d 1268 [2007]). Accordingly, we must reverse.

Cardona, P.J., Spain, Kavanagh and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.