10 N.Y.3d 358 (2008)
889 N.E.2d 467
859 N.Y.S.2d 590
In the Matter of ELLIOTT GARNER, Appellant,
v.
NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents.
Court of Appeals of the State of New York.
Argued March 12, 2008.
Decided April 29, 2008.
*359 Legal Aid Society, Criminal Appeals Bureau, New York City (Elon Harpaz and Steven Banks of counsel), for appellant.
Andrew M. Cuomo, Attorney General, New York City (Laura R. Johnson, Barbara D. Underwood and Roseann MacKechnie of counsel), for respondents.
Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

*360 OPINION OF THE COURT
CIPARICK, J.
This appeal requires us to determine whether respondent, the New York State Department of Correctional Services (DOCS), may administratively add a mandatory period of postrelease supervision (PRS) onto petitioner's sentence even though that PRS term was never pronounced by the sentencing judge. Because CPL 380.20 and 380.40 collectively provide that only a judge may impose a PRS sentence, we conclude that DOCS may not do so. Therefore, we hold that petitioner is entitled to relief pursuant to CPLR article 78.

I.
On January 24, 2000, petitioner was sentenced as a second violent felony offender to a negotiated five-year determinate prison term following his guilty plea to second degree attempted burglary. Neither during the plea allocution[1] nor at sentencing did Supreme Court inform petitioner that a mandatory five-year PRS terma direct consequence of its sentencewould be imposed. That term was also not recorded on the sentencing commitment order.
Petitioner alleges that he first learned of his PRS sentence on March 26, 2004 when DOCS presented him with a conditional release agreement. He signed the agreement "under protest" and was released in April 2004. Thereafter, petitioner commenced litigation to eliminate his PRS term.[2]
Because of his drug use and failure to participate in drug treatment, petitioner's PRS was revoked in early 2005. On April *361 5, 2005after his return to prison and more than one year after he signed the 2004 conditional release agreementpetitioner brought an article 78 proceeding challenging DOCS's authority to "add[]" five years of PRS to his sentence. Supreme Court denied the petition as time-barred because it was not brought within four months of DOCS's allegedly improper action (see CPLR 217). The Appellate Division affirmed, but upon a different rationale. Relying upon its decision in Matter of Deal v Goord (8 AD3d 769 [2004]), the court held that article 78 relief in the nature of prohibition did not lie because DOCS's allegedly improper conduct did not constitute the performance of any judicial function. As the court explained, "respondents are only enforcing, not imposing, a part of petitioner's sentence which was automatically included by statute" (39 AD3d 1019 [2007]).[3]
We granted leave to appeal and now reverse.

II.
As an initial matter, in its briefing before the Appellate Divisionand at oral argument before this Courtthe Attorney General abandoned the statute of limitations defense that respondent initially interposed in its pre-answer motion to dismiss. Because of that tactical decision, we need not consider the statute of limitations argument here (cf. Salesian Socy. v Village of Ellenville, 41 NY2d 521, 526 [1977] [government attorneys are free to employ a "procedural path" in which they waive defense that action is time-barred]; McKee v Cohoes Bd. of Educ., 99 AD2d 923, 925 n [3d Dept 1984] ["(D)efendant's failure to raise the Statute of Limitations issue in its brief `is tantamount to an abandonment of that issue'"]). Thus, the sole question before us is whether petitioner is entitled to CPLR article 78 relief. We conclude that he is.
A petition seeking article 78 relief in the nature of prohibition should be granted upon a showing that a "body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction" (CPLR 7803 [2]). Our precedents emphasize, however, that such relief is "extraordinary" and should only be granted in limited circumstances (see Matter of Nicholson v State Commn. on Jud. Conduct, 50 NY2d 597, 605 [1980]). Thus, as we explained in Matter of Town of Huntington v New York State Div. of Human Rights (82 NY2d 783, 786 [1993]), a *362 petitioner seeking a writ of prohibition must demonstrate that: (1) a body or officer is acting in a judicial or quasi-judicial capacity, (2) that body or officer is proceeding or threatening to proceed in excess of its jurisdiction and (3) petitioner has a clear legal right to the relief requested. But, even if those facts are established, the writ may still be denied if Supreme Court, in exercising its discretion, concludes the remedy is not warranted because, for example, the harm allegedly suffered is not sufficiently grave or because other proceedings in law or equity could correct the alleged error (see id.; see also Weinstein-Korn-Miller, NY Civ Prac ¶ 7801.02 [2] ["(T)he court must examine several factors including the gravity of the harm that would result to petitioner, the availability of another adequate remedy to correct that harm, and whether prohibition would provide a more complete and effective remedy if over (sic) remedies are potentially available"]).
Here, petitioner demonstrated his right to a writ of prohibition barring DOCS from administratively adding a five-year PRS term to his sentence. First, by imposing that term upon petitioner, DOCS was acting in a judicial capacity. As we explained today in People v Sparber (10 NY3d 457, 470 [2008]), the combined command of CPL 380.20 and 380.40 is that the sentencing judgeand only the sentencing judgeis authorized to pronounce the PRS component of a defendant's sentence. Second, this act was in excess of DOCS's jurisdiction; indeed, such action was solely within the province of the sentencing judge. And third, petitioner is clearly entitled to the relief that he seeks because DOCS's imposition of the PRS term contravenes the CPL's express mandate that sentencing is a judicial function and, as such, lies beyond DOCS's limited jurisdiction over inmates and correctional institutions (see Matter of Pirro v Angiolillo, 89 NY2d 351, 358-359 [1996] [clear legal right established where Judge exceeded sentencing authority under CPL 410.20 and 430.10]). Indeed, in recognition of DOCS's limited authority in the sentencing arena, we have previously held that "`prison officials are conclusively bound by the contents of commitment papers accompanying a prisoner'" and therefore DOCS must generally "comply with the plain terms of the last commitment order received" (Matter of Murray v Goord, 1 NY3d 29, 32 [2003] [emphasis omitted]). The commitment order in this case bore no indication of a PRS term.
Finally, precedential considerations do not bar issuance of the writ in this instance. PRS represents a significant punishment *363 component that restricts an individual's liberty (see People v Catu, 4 NY3d 242, 245 [2005]). It is not automatically included in the pronouncement of a determinate sentence, and thus a defendant has a statutory right to have that punishment imposed by the sentencing judge. Therefore, the harm suffered here by petitioner is sufficiently graveit has a "substantial" effect on him and "implicate[s] the public interest" in ensuring the regularity of sentencing (see Pirro, 89 NY2d at 359). Petitioner also lacks another remedy at law or equity as a challenge to the PRS component of his sentence in a CPL 440.20 proceeding would necessarily fail. The statute only permits challenges to judicially imposed sentences, not those administratively imposed by DOCS. Having resolved this issue on statutory grounds, we need not reach petitioner's constitutional arguments and decline to do so (see People v Sparber, 10 NY3d at 471 n 5, citing People v Felix, 58 NY2d 156, 161 [1983]). Neither do we pass on the applicability of Earley v Murray (451 F3d 71 [2d Cir 2006]).

III.
Accordingly, the order of the Appellate Division should be reversed, with costs, the petition granted and respondent State Department of Correctional Services prohibited from imposing upon petitioner a period of postrelease supervision.[4]
Order reversed, etc.
NOTES
[1] Petitioner has not sought to vacate his plea based on that procedural error (see CPL 440.10; People v Catu, 4 NY3d 242 [2005]).
[2] Only one of the three proceedings that petitioner initiated related to his PRS term is relevant here. The two others, a CPL 440.20 (1) motion and a habeas corpus petitionlater converted into an article 78 petitionwere not appealed to this Court.
[3] The Appellate Division has since overruled its decision in this case (see Matter of Dreher v Goord, 46 AD3d 1261, 1262 [2007]).
[4] Our holding here is without prejudice to any ability that either the People or DOCS may have to seek the appropriate resentencing of a defendant in the proper forum (see e.g. People v DeValle, 94 NY2d 870, 871 [2000]).