▆ In the Matter of JOHN PRENDERGAST, Appellant, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONS, Respondent. [856 NYS2d 725]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered November 30, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding that petitioner's prison sentence included a period of postrelease supervision.

As is relevant here, petitioner was sentenced as a second felony offender to a 15-year prison term upon his conviction after trial of robbery in the first degree (*see People v Prendergast*, 27 AD3d 487 [2006], *lv denied* 6 NY3d 851 [2006]). The sentencing court did not impose a period of postrelease supervision. However, upon petitioner's receipt into the prison system, respondent administratively calculated his sentence to include five years of postrelease supervision. Petitioner then commenced this proceeding challenging that determination. Relying on case law from this Court, Supreme Court concluded that postrelease supervision was automatically included in petitioner's sentence pursuant to Penal Law § 70.45 and dismissed the petition.

Subsequent to Supreme Court's judgment, the Court of Appeals has determined that respondent may not administratively impose periods of postrelease supervision (*Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362 [2008]; *see Matter of Donhauser v Goord*, 48 AD3d 1005, 1006 [2008]; *Matter of Dreher v Goord*, 46 AD3d 1261, 1262 [2007]).

Inasmuch as petitioner's sentence can be altered only by a judge in a subsequent proceeding (*see Earley v Murray*, 451 F3d 71, 75 [2d Cir 2006], *cert denied sub nom. Burhlre v Earley*, 551 US —, 127 S Ct 3014 [2007]; *Matter of Quinones v New York State Dept. of Correctional Servs.*, 46 AD3d 1268 [2007]), we must reverse.

Cardona, P.J., Carpinello, Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.