*317 OPINION OF THE COURT
Dennis F. Bender, J.
The above-named petitioner herein seeks a writ of habeas corpus, asking the court to vacate the five-year period of post-release supervision (PRS) which was administratively imposed by the New York State Department of Correctional Services (DOCS). It is undisputed that the petitioner was convicted upon his plea of guilty in Queens County Supreme Court to two counts of robbery in the first degree, and one count of robbery in the second degree. On October 5, 2000, he was sentenced to three concurrent determinate terms of incarceration of five years each. The court did not advise the petitioner of the period of postrelease supervision statutorily mandated to be imposed upon his conviction. After he served the determinate sentence, DOCS administratively imposed five years of PRS before he was released from prison on August 9, 2004. He was thereafter violated on the terms of his PRS, and returned to prison on April 9, 2007. The only basis for the petitioner’s current incarceration is the purported PRS violation.
Since that time, the New York State Court of Appeals has issued the decision in Matter of Garner v New York State Dept. of Correctional Servs. (10 NY3d 358 [2008]). The Court expressly found DOCS was acting in excess of its jurisdiction in imposing a period of PRS, and that the same is a judicial function that can only be done by the sentencing judge (10 NY3d at 362, citing People v Sparber, 10 NY3d 457, 471 [2008]). It did note in a footnote however, that the express prohibition of DOCS administratively imposing PRS was without prejudice to “any ability that either the People or DOCS may have to seek the appropriate resentencing of a defendant in the proper forum” (10 NY3d at 363 n 4, citing People v DeValle, 94 NY2d 870, 871 [2000]).
The respondent submits the “only appropriate relief in this case is to transfer or remand this matter to the Queens County Supreme Court for further proceedings consistent with Court of Appeals determination.” The respondent fails to address, however, why, if such an argument is correct, the Court of Appeals did not do so in Garner. At oral argument, the Assistant Attorney General argued that the Garner case was distinguishable, as the Court was entertaining a CPLR article 78 proceeding, whereas this case involves a writ application. He cited CPLR 7010 (c) as statutory authority for this court to direct a continued hold of the petitioner and remand this case to the *318 sentencing court. The argument might be valid if the court found the petitioner was not illegally detained. This court does find his current detention illegal, however, and therefore, is mandated to direct the petitioner’s release, under CPLR 7010 (a). It appears clear that Garner places the burden upon the Attorney General, or the District Attorney of the sentencing county, to provide notice of the error to the sentencing court, and determine if that court will take corrective action.
As noted by counsel for the petitioner, under the most restrictive scenario, the petitioner will be placed on PRS upon resentencing. Thus, even if there was currently a basis to support a continued restriction upon the petitioner’s liberty, the respondent’s request that this court continue the petitioner’s incarceration or set bail is unavailing. Currently there is no legal hold on the petitioner. The petitioner is entitled to immediate release, which this court interprets to mean within seven days of the date of the signing of the judgment.