(May 27, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE CRAIG, Appellant. [857 NYS2d 570]—

Order, Supreme Court, New York County (Renee White, J.), entered or about July 10, 2006, which denied defendant's CPL 440.10 motion to vacate his judgment of conviction, unanimously modified, on the law, to the extent of remanding the matter for resentencing, which shall include the proper pronouncement of the relevant term of postrelease supervision and, except as so modified, affirmed.

Defendant was convicted, on his guilty plea, of attempted kidnapping in the first degree, a class B violent felony, and sentenced to a term of 10 years, the minimum sentence prescribed by law for a second violent felony offender (Penal Law § 70.04 [3] [a]). On this motion, defendant asserts that the court failed to advise him, either at plea or at sentence, that the term of incarceration would be followed by a five-year period of postrelease supervision, as mandated by statute (Penal Law § 70.45 [1], [2]). He contends that such sentence does not comport with the 10-year term he was promised in exchange for his guilty plea (*see People v Catu*, 4 NY3d 242, 245 [2005]). However, defendant does not seek to vacate his plea but requests modification of his sentence to a five-year prison term followed by the mandated five-year period of postrelease supervision.

It is settled that a defendant's remedy for a *Catu* violation is withdrawal of the plea and restoration of the defendant's pre-agreement status (*People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]). Where the defendant does not seek to vacate his plea and the sentence imposed is not in compliance with statutory requirements, the matter must be remanded for pronouncement of a legal sentence to correct the procedural error (*People v Sparber*, 10 NY3d 457 [2008]). Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ.