◼ In the Matter of MIGUEL GONZALEZ, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [858 NYS2d 852]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered September 18, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent imposing a period of postrelease supervision upon petitioner.

Petitioner pleaded guilty to burglary in the second degree, a class C violent felony (*see* Penal Law § 70.02 [1] [b]), and, in March 2000, was sentenced as a second violent felony offender to the agreed-upon term of seven years in prison (*see* Penal Law § 70.04 [3] [b]). Neither the sentencing minutes nor the commitment order made any mention of the mandatory period of postrelease supervision to be imposed (*see* Penal Law § 70.45 [1], [2]). Respondent, however, included a five-year period of postrelease supervision in petitioner's sentence calculation.* Following unsuccessful administrative attempts to excise the period of postrelease supervision from his sentence, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination. Supreme Court, following extant case law, concluded that petitioner's sentence automatically included a period of postrelease supervision by operation of law and dismissed the petition, prompting this appeal.

We reverse. As the most recent cases from this Court and the Court of Appeals make clear, only the sentencing judge is authorized to impose a period of postrelease supervision (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]; *Matter of Donhauser v Goord*, 48 AD3d 1005 [2008]; *Matter of Quinones v New York State Dept. of Correctional Servs.*, 46 AD3d 1268, 1269 [2007]; *Matter of Dreher v Goord*, 46 AD3d 1261, 1262 [2007]). Thus, respondent was without authority to impose a five-year period of postrelease supervision upon petitioner (*see id.*). To the extent that our prior decisions have held to the contrary (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 39 AD3d 1019 [2007], *revd* 10 NY3d 358 [2008]; *Matter of Deal v Goord*, 8 AD3d 769 [2004], *appeal dismissed* 3 NY3d 737 [2004]), they no longer should be followed.

Peters, J.P., Carpinello, Rose, Kane and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.

---

* Petitioner subsequently was sentenced to a consecutive prison term of 2 to 4 years for promoting prison contraband in the first degree.