■ In the Matter of KEVIN SMILEY, Appellant, v DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [859 NYS2d 502]—

Peters, J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered July 16, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent imposing a period of postrelease supervision upon petitioner.

In July 2002, petitioner pleaded guilty to attempted robbery in the first degree, a class C violent felony (*see* Penal Law § 70.02 [1] [b]), and received the agreed-upon sentence of seven years in prison. Neither the sentencing minutes nor the commitment order made mention of the mandatory period of postrelease supervision to be imposed (*see* Penal Law § 70.45 [1], [2] [f]). Respondent, however, included a five-year period of postrelease supervision in petitioner's sentence calculation. Following unsuccessful administrative attempts to remedy this alleged error, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination. Supreme Court, following extant case law, dismissed the petition, prompting this appeal.

We reverse. As the most recent cases from this Court and the

Court of Appeals make clear, only the sentencing judge is authorized to impose a period of postrelease supervision (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]; *Matter of Donhauser v Goord*, 48 AD3d 1005 [2008]; *Matter of Quinones v New York State Dept. of Correctional Servs.*, 46 AD3d 1268, 1269 [2007]; *Matter of Dreher v Goord*, 46 AD3d 1261, 1262 [2007]). Thus, respondent was without authority to impose a five-year period of postrelease supervision upon petitioner (*see id.*). To the extent that our prior decisions have held to the contrary (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 39 AD3d 1019 [2007], *revd* 10 NY3d 358 [2008]; *Matter of Deal v Goord*, 8 AD3d 769 [2004], *appeal dismissed* 3 NY3d 737 [2004]), they no longer should be followed.

Cardona, P.J., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.