OPINION OF THE COURT
Christopher J. McCarthy, J.
For the reasons set forth below, defendant’s pre-answer motion to dismiss the claim based upon claimant’s failure to comply with the service requirements of Court of Claims Act § 10 (3) and § 11 is granted. Claimant’s cross motion for permission to serve and file a claim late pursuant to Court of Claims Act § 10 (6) is denied.
The claim, which was filed with the Clerk of the Court on August 5, 2008, alleges that, in the year 2000, claimant was convicted of a crime and sentenced to 31k years of incarceration with no postrelease supervision (PRS). It further alleges that, in April 2003, the State Division of Parole and other state agents wrongfully placed claimant on five years’ PRS. The claim further asserts that claimant was wrongfully convicted of three PRS violations: one in December 2004; the second in December 2006; and the third in January 2008. Claimant was released from custody when his writ of habeas corpus was granted on May 7, 2008. The claim alleges that the State violated claimant’s rights and falsely imprisoned claimant.
Pursuant to Court of Claims Act provisions applicable to personal injury actions, claimant was required to file and serve his claim within 90 days from the date of accrual unless a written notice of intention to file a claim was served upon the Attorney General within such time period. In that case, the claim itself was required to be filed and served upon the Attorney General within two years after the accrual of the claim (to the extent claimant asserts injuries caused by negligence or unintentional torts) or within one year (to the extent he asserts intentional torts of state employees) (Court of Claims Act § 10 [3], [3-b]). In either case, claimant was required to initiate action within 90 days of the claim’s accrual.
Section 11 (a) (i) of the Court of Claims Act provides that the claim shall be filed with the Clerk of the Court and that a copy *1010 shall be served upon the Attorney General within the time period provided in section 10 of the Court of Claims Act, either personally or by certified mail, return receipt requested. It is well established that failure to timely serve the Attorney General in strict compliance with Court of Claims Act § 11 gives rise to a jurisdictional defect (see Finnerty v New York State Thruway Auth., 75 NY2d 721, 723 [1989]; Matter of Dreger v New York State Thruway Auth., 177 AD2d 762, 763 [3d Dept 1991], affd 81 NY2d 721 [1992]; Suarez v State of New York, 193 AD2d 1037, 1038 [3d Dept 1993]).
Pursuant to Court of Claims Act § 11 (c), however, any such defect is waived unless it is raised with particularity as an affirmative defense, either by motion to dismiss prior to service of the responsive pleading or in the responsive pleading itself (see Knight v State of New York, 177 Misc 2d 181, 183 [Ct Cl 1998]).
Court of Claims Act § 11 (a) (i) provides, “[s]ervice by certified mail, return receipt requested, upon the attorney general shall not be complete until the claim ... is received in the office of the attorney general.” Claimant asserts his claim accrued on May 7, 2008 (claim 114). In his affirmation submitted in support of the State’s motion, defense counsel asserts that the Attorney General’s office received a claim by certified mail, return receipt requested, on August 7, 2008 {see exhibit A attached to motion), 92 days after accrual. It does not matter that the claim was postmarked on Tuesday, August 5, 2008, the 90th day after accrual {see Court of Claims Act § 11 [a] [i]).
Court of Claims Act § 10 is more than a statute of limitations; it is a jurisdictional prerequisite to bringing and maintaining an action in this court (De Marco v State of New York, 43 AD2d 786 [4th Dept 1973], affd 37 NY2d 735 [1975]; Antoine v State of New York, 103 Misc 2d 664 [Ct Cl 1980]). Failure to timely comply with the statutory filing requirements of the Court of Claims Act constitutes a fatal jurisdictional defect requiring dismissal (Buckles v State of New York, 221 NY 418 [1917]; Ivy v State of New York, 27 AD3d 1190 [4th Dept 2006]; Byrne v State of New York, 104 AD2d 782 [2d Dept 1984], Iv denied 64 NY2d 607 [1985]). This defect was timely and properly raised with particularity, by this pre-answer motion, in accordance with Court of Claims Act § 11 (c).
Based upon the foregoing, defendant’s motion is granted and the claim is dismissed for failure to timely serve and file the claim in accordance with Court of Claims Act § 10 (3) and (3-b).
*1011 The court now turns to claimant’s motion pursuant to Court of Claims Act § 10 (6) seeking permission to serve and file a late claim.
Pursuant to Court of Claims Act § 10 (6), it is within the court’s discretion to allow the filing of a late claim if the applicable statute of limitations set forth in article 2 of the CPLR has not expired. Thus, the first issue for determination upon any late claim motion is whether the application is timely. Since the proposed claim appears to assert causes of action for the intentional tort of false imprisonment (CPLR 215 [3] [a one-year statute of limitations]), and a constitutional tort for violation of claimant’s rights (CPLR 214 [5] [a three-year statute of limitations]; see Brown v State of New York, 89 NY2d 172 [1996]), the motion is properly before the court.
Next, in determining whether to grant a motion to file a late claim, Court of Claims Act § 10 (6) sets forth six factors that should be considered, although other factors deemed relevant also may be taken into account (Plate v State of New York, 92 Misc 2d 1033, 1036 [Ct Cl 1978]). The movant need not satisfy every statutory element (see Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979, 981 [1982]). However, the burden rests with the movant to persuade the court to grant his or her late claim motion (see Matter of Flannery v State of New York, 91 Misc 2d 797 [Ct Cl 1977]; Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1 [Ct Cl 1977]).
The first factor to be considered is whether the delay in filing the claim was excusable. The court finds claimant’s proffered excuse for the delay in timely filing and serving the claim — lack of knowledge of the court’s filing requirements — is not a reasonable excuse (Modern Transfer Co. v State of New York, 37 AD2d 756 [4th Dept 1971]; Fowx v State of New York, 12 Misc 3d 1184[A], 2006 NY Slip Op 51399[U] [Ct Cl 2006]). However, the tender of a reasonable excuse for delay in filing a claim is not a precondition to permission to file a late claim such as to constitute a sine qua non for the requested relief (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d at 981).
The next three factors to be addressed — whether defendant had notice of the essential facts constituting the claim, whether defendant had an opportunity to investigate the circumstances underlying the claim, and whether the failure to file or serve a timely claim or to serve a notice of intention resulted in *1012 substantial prejudice to defendant — are interrelated and will be considered together. Defendant does not argue lack of notice, lack of opportunity to investigate, or that it will be substantially prejudiced by a delay in filing a claim (affirmation of Michael T. Krenrich, Esq. 1i 13). Thus, those factors, therefore, weigh in claimant’s favor.
The fifth factor to be considered is whether claimant has another remedy available. It appears that claimant does not have any alternate remedy.
The sixth, final and perhaps most important factor to be considered is whether the proposed claim has the appearance of merit, for it would be futile to permit a defective claim to be filed, subject to dismissal, even if other factors tended to favor the request (Savino v State of New York, 199 AD2d 254, 255 [2d Dept 1993]; Prusack v State of New York, 117 AD2d 729, 730 [2d Dept 1986]; Rosenhack v State of New York, 112 Misc 2d 967, 968 [Ct Cl 1982]; Edward C. Flaherty Corp. v State of New York [New York State Parks & Recreation Div.], 102 Misc 2d 438, 440 [Ct Cl 1979]). It is the movant’s burden to show that the claim is not patently groundless, frivolous or legally defective, and, based upon the entire record, including the proposed claim and any affidavits, that there is reasonable cause to believe that a valid cause of action exists. While this standard clearly places a heavier burden upon a party who has filed late than upon one whose claim is timely, it does not, and should not, require the movant to establish definitively the merit of the claim, or overcome all legal objections thereto, before the court will permit the movant to file a late claim (Matter of Santana v New York State Thruway Auth., 92 Misc 2d at 11-12).
In support of his assertion that his claim has the appearance of merit, Mr. Frederick’s counsel asserts that the “meritorious nature of the claim is evident on its face as post-release supervision must be ordered at the time of sentencing otherwise it cannot be applied to a defendant” (affirmation of Oscar Michelen, Esq. 11 8). Counsel further asserts that Mr. Frederick was placed on PRS despite it not being ordered at the time of his sentencing (id.).
In Matter of Garner v New York State Dept. of Correctional Servs. (10 NY3d 358 [2008]), the Court of Appeals made clear that “PRS represents a significant punishment component that restricts an individual’s liberty ... It is not automatically included in the pronouncement of a determinate sentence, and thus a defendant has a statutory right to have that punishment *1013 imposed by the sentencing judge” {id. at 362-363). The court also noted that its holding was “without prejudice to any ability that either the People or [the Department of Correctional Services (DOCS)] may have to seek the appropriate resentencing of a defendant in the proper forum” {id. at 363 n 4). In People v Sparber (10 NY3d 457 [2008]), the Court of Appeals determined that the only proper remedy when a court makes a procedural error and fails to pronounce the applicable period of PRS is to vacate the sentence and remit the matter to the sentencing court for proper judicial action. The defendant, however, was not entitled to be relieved of the statutory PRS term {id. at 471) . The court further noted that “there exists no procedural bar to allowing the sentencing court to correct its PRS error . . . [T]he failure to pronounce the required sentence amounts only to a procedural error, akin to a misstatement or clerical error, which the sentencing court could easily remedy” {id. at 472) . Thus, the orders in each of the cases reviewed on appeal in Sparber were modified to the extent of remitting the cases to the Supreme Court for resentencing {id. at 473).
In Matter of Dreher v Goord (46 AD3d 1261 [3d Dept 2007]), decided shortly before Sparber, the Appellate Division, Third Department, made clear that, although DOCS has some role in correcting an unlawful sentence, the ultimate responsibility for imposing a correct sentence remains with the courts (id. at 1262; see also Matter of Gonzalez v Fischer, 52 AD3d 910 [3d Dept 2008]; Matter of Prendergast v State of N.Y. Dept. of Corrections, 51 AD3d 1133 [3d Dept 2008]; Matter of Donhauser v Goord, 48 AD3d 1005 [3d Dept 2008]). “Instead of usurping the power of the courts, upon discovering an illegal sentence DOCS should inform the prosecuting attorney or the sentencing court and allow the sentence to be corrected judicially . . . rather than administratively” (People ex rel. Gill v Greene, 48 AD3d 1003, 1005 [3d Dept 2008]; People v Craig, 51 AD3d 559 [1st Dept 2008]).
As stated by Judge Francis T. Collins of this court in Collins v State of New York (Ct Cl, June 16, 2008, motion No. M-74674, UID No. 2008-015-050, slip op at 4):
“The foregoing establishes that although a period of PRS is statutorily mandated in certain cases {see Penal Law § 70.45 [1]), sentencing remains the province of the courts. However, the remedy for an improperly imposed term of PRS is not expungement, but modification of the sentence by the *1014 sentencing judge to include a period of PRS.”
A claim for unlawful imprisonment is generally available to protect “the personal interest of freedom from restraint of movement” (Broughton v State of New York, 37 NY2d 451, 456 [1975]). In order to establish a prima facie case of unlawful imprisonment, a claimant must show “(1) the defendant intended to confine him, (2) the [claimant] was conscious of the confinement, (3) the [claimant] did not consent to the confinement and (4) the confinement was not otherwise privileged” (id.; see also Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; Krzyzak v Schaefer, 52 AD3d 979, 980 [3d Dept 2008]). Here, Mr. Frederick cannot establish the fourth requirement set forth above, that the confinement and/or the restrictions imposed upon his liberties were not privileged (see Collins v State of New York, Ct Cl, June 16, 2008, motion No. M-74674, UID No. 2008-015-050, Collins, J., supra; see also Carnell v People, Ct Cl, July 14, 2008, motion No. M-74569, UID No. 2008-032-107, Hard, J.). Confinement is privileged to the extent that it is imposed “under color of law or regulation” (Gittens v State of New York, 132 Misc 2d 399, 402 [Ct Cl 1986]).
“While it is now settled that an administratively imposed period of PRS is improper, this fact alone provides no basis for a claim of unlawful imprisonment. As noted by the Court of Appeals in both Matter of Garner, supra, and People v Sparber, supra, no procedural impediment exists to correcting a sentence to include the mandatory period of PRS. Indeed, the defendant need only be returned to court for resentencing. As it is now settled that ex-pungement is not the appropriate remedy in this situation, any confinement arising from an improperly imposed period of PRS is privileged. Stated otherwise, the period of PRS was not wrongful because it was required by § 70.45 (1) of the Penal Law” (Collins v State of New York, supra).
The unlawful imprisonment claim is therefore meritless.
The court now turns to the cause of action for violation of claimant’s rights, i.e., the constitutional tort cause of action. To the extent that any of Mr. Frederick’s allegations assert a deprivation under the Federal Constitution, no action may be maintained in this court against the State for alleged federal constitutional violations (Lyles v State of New York, 194 Misc 2d 32, 35-36 [Ct Cl 2002], affd 2 AD3d 694, 696 [2d Dept 2003], affd on other grounds 3 NY3d 396 [2004]; Matter of Thomas v *1015 New York Temporary State Commn. on Regulation of Lobbying, 83 AD2d 723 [3d Dept 1981], affd 56 NY2d 656 [1982]; Welch v State of New York, 286 AD2d 496, 498 [2d Dept 2001]; Davis v State of New York, 124 AD2d 420, 423 [3d Dept 1986]). To the extent that claimant asserts federal constitutional violations, his remedy lies elsewhere.
As set forth above, because the court has found that Mr. Frederick cannot establish that the confinement and/or restrictions imposed upon his liberties were not privileged, the court concludes that any alleged cause of action for violation of his state constitutional rights also is without merit.
Upon consideration of the factors set forth in Court of Claims Act § 10 (6), particularly the inadequacy of claimant’s excuse for failure to timely file and serve a claim and the lack of the appearance of merit, the court denies the application for late claim relief (Matter of Magee v State of New York, 54 AD3d 1117 [3d Dept 2008]; Matter of Brown v State of New York, 52 AD3d 1136 [3d Dept 2008]).