■ In the Matter of DANTON DUNCAN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [878 NYS2d 194]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Department of Correctional Services that the petitioner's sentence includes a period of postrelease supervision, the petitioner appeals from a judgment of the Supreme Court, Kings County (Schack, J.),

dated January 11, 2008, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

By judgment rendered February 13, 2001, the petitioner was convicted, upon a jury verdict, of assault in the second degree and menacing in the third degree. In this proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Department of Correctional Services that the petitioner's sentence includes a period of postrelease supervision, the petitioner alleges that at the sentencing proceeding, the sentencing court failed to pronounce any period of postrelease supervision. The Supreme Court, in effect, denied the petition and dismissed the proceeding. We affirm.

The petitioner correctly argues that postrelease supervision "is not automatically included in the pronouncement of a determinate sentence, and thus a defendant has a statutory right to have that punishment imposed by the sentencing judge" (*Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 363 [2008]). However, contrary to the petitioner's contention, the sentencing court did, in fact, impose a period of postrelease supervision.

We do not consider the petitioner's remaining contentions regarding a purported "Affirmation in Opposition" since that document was not provided to this Court and there is no indication that any "Affirmation in Opposition" was read and/or reviewed by the Supreme Court. Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.