Lahtinen, J.E
Appeal from a judgment of the Supreme Court (Pulver Jr., J.), entered December 4, 2012 in Greene County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision computing petitioner’s jail time credit.
While on supervised release from federal prison, petitioner was arrested and held on state charges in Greene County in February 2009. A federal warrant for violating his federal supervised release followed in March 2009. He negotiated a plea regarding the state charges whereby he would plead guilty to one count of burglary in the first degree and receive a sentence of 8V2 years in prison followed by five years of postrelease supervision. At the time the plea was taken, it was made clear that, in the event sentencing on the federal charge occurred first, the state sentence would run concurrently with the federal sentence. The federal sentencing, however, did not occur first and, at state sentencing, petitioner’s request to delay the state sentencing until after the federal sentencing — scheduled to occur the next month — was denied.
The next month, in March 2010, petitioner was sentenced to 36 months on the federal charges. Significantly, the federal court expressly directed that this sentence run concurrently with petitioner’s recently received state sentence. However, by *1126 the time of sentencing, the federal court had obtained primary jurisdiction* and no arrangement was made for petitioner to reside in a state prison while serving his federal sentence. Under such circumstances, when he was received into the state system in November 2011, the Department of Corrections and Community Supervision refused to give him credit toward his state time for the time he had just spent in federal prison. He commenced this CPLR article 78 proceeding seeking credit for the approximately 20 months spent in federal prison. Supreme Court dismissed the petition and this appeal followed.
Issues involving sentencing by dual sovereigns are generally considered under the doctrine of primary jurisdiction and occasionally give rise to complexities (see generally Cozine v Crabtree, 15 F Supp 2d 997 [1998]; Shumate v United States, 893 F Supp 137 [1995]; Comment, Too Many Cooks Spoil The Sentence: Fragmentation of Authority in Federal and State Sentencing Schemes, 41 Seton Hall L Rev 1637 [2011]). We do not need to engage in an extended discussion of the intricacies of primary jurisdiction and sentencing by dual sovereigns in this case. Succinctly stated, “|j]ust as the dual sovereignty doctrine acknowledges and protects the rights of each sovereign to exact as much punishment for a crime as that sovereign desires, the doctrine also acknowledges and protects the rights of each sovereign to exact as little punishment for the crime as that sovereign desires” (Cozine v Crabtree, 15 F Supp 2d at 1010). Here, it is clear that both sovereigns intended the state and federal sentences to run concurrently. To run the sentences sequentially essentially because of the manner in which they were administered despite express intent otherwise by both sovereigns is analogous to a governmental entity other than the court lengthening a sentence, which this state does not permit (see generally Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d 358, 362-363 [2008]).
Garry and Rose, JJ., concur.

 In December 2009, County Court released petitioner on his own recognizance, subject to the federal detainer warrant, and he was placed in federal custody (see generally Shumate v United States, 893 F Supp 137 [1995]).