Bebnard Ryan, P. J.
Claimant was convicted of burglary, third degree, by a jury in County Court, Kings County, on November 5, 1937, and on December 15, 1937 was sentenced to a term of 10 to 20 years in prison. He was paroled July 17, 1944, declared. delinquent May 13, 1948, and was returned to prison April 5, 1949. During the time he was declared delinquent, he was not reporting to his parole officer. He was reparoled June 19, 1951, declared delinquent August 21, 1951, returned to prison December 10, 1951.
On June 13, 1955, upon a writ of error coram nobis, the sentence of December 15, 1937 was vacated and se.t aside on the ground that the proceedings relating to his arraignment for sentencing as a second felony offender were improper. He was thereupon rearraigned, adjudged a second felony offender, and sentenced to 10 to 18 years in prison, the sentence to be effective as of December 15, 1937. The County Court, which granted the writ, further ordered that the claimant be credited with all time spent in jail prior to conviction and before sentence, with all time spent in prison pursuant to the original sentence of December 15, 1937, with all time spent being transported from and to prison and while in jail awaiting resentence, and with all time that he was entitled to by reason of any law relating to compensation or commutation.
On January 31, 1956 the claimant unsuccessfully sought his release through a writ of habeas corpus in the County Court, Wyoming County. However, this adjudication is not binding upon this court because the writ was not sustained. (Post v. Lyford, 285 App. Div. 101, 104 [1954].)
The claimant was discharged from prison December 19, 1956. On March 16, 1957 he filed a claim with the Clerk of the Court of Claims and served the same upon the Attorney-General March 18, 1957. In his pleading he alleges that he was entitled to release from prison on or about October 21, 1955. The Attorney-General contends that claimant was released at the proper time and that the interval which elapsed between the date he claims he should have been released and the date of his actual release was a period of time during which the running of his sentence was suspended in accordance with the provisions of section 218 of the Correction Law. That is the issue presented to the court for decision.
*91 The argument presented by claimant’s counsel is that once the original sentence was vacated, any power which the Parole Board had to suspend the running of such sentence for parole violations was thereby wiped out; he cites no case directly in point to support his position. As noted above, upon the resentencing in 1955, the court directed that the claimant be credited with all time spent in prison pursuant to the original sentence of December 15, 1937. A prisoner “ is not entitled to credit for the time which elapsed between the date of his delinquency as fixed by the Parole Board and the date when he was returned to prison. During that time his absence from the prison was unlawful and he was no longer in the custody of the Board of Parole and the time does not constitute actual or constructive service of his time of imprisonment.” (People ex rel. Dote v. Martin, 294 N. Y. 330, 333 [1945]; see, also, People ex rel. Rainone v. Murphy, 1 N Y 2d 367, 370 [1956].) These cases support the proposition that the State was entitled to suspend the running of the claimant’s sentence and that he was properly held until December 19,1956, the date of his discharge.
Actually, upon his delinquency, claimant ceased to be in the constructive custody of the Parole Board. In other words, he ceased serving his sentence. The action of the Parole Board in declaring him delinquent was not a punitive measure as the claimant contends, but merely a declaration of the fact that the claimant was no longer in its custody, and thus was not serving his sentence. The subsequent vacation of the original sentence could not alter the record with respect to the time he had actually served. Judgment is directed dismissing the claim.