## (March 5, 1964)

■ In the Matter of C. MARK FREEMAN, Appellant, v. NEW YORK STATE CORRECTION DEPARTMENT, Respondent.

*Per Curiam.* On November 6, 1936 following his conviction of the crimes of robbery, first degree, and grand larceny, first degree, in the County Court of Queens County the petitioner was sentenced to an indeterminate term of not less than 10 years nor more than 30 years and credited with 101 days of jail time served. On September 18, 1957 this sentence was vacated and he was resentenced *nunc pro tunc* to the same term. In the interim between the impositions of the sentences the petitioner was paroled, declared delinquent and returned to prison on three separate occasions.

On March 21, 1963 this article 78 [Civ. Prac. Act] proceeding was instituted to secure a determination that he is entitled to be credited for the time when he was at large as a parole violator and with so-called good time pursuant to subdivision 4 of section 230 of the Correction Law. The petitioner's theory is that the vacatur of the original sentence deprived the respondent of jurisdiction to charge him with the delinquent time then owed and to impose a forfeiture of the benefits provided by the statute.

Special Term held correctly that petitioner's contentions were untenable and consequent dismissal of the petition upon the merits was proper.

Subdivision 4 of section 2193 of the Penal Law provides that where a judgment of conviction is vacated and a new sentence is thereafter imposed with respect to the same crime "any time spent by a person under the original sentence shall be deducted from and credited to the term of the sentence subsequently imposed with respect to such crime." The declarations of delinquencies interrupted the petitioner's original sentence as of their dates and such interruptions continued until his return to custody. His unlawful absences from prison during these periods did not constitute time served under the original sentence and thus were unavailing to accomplish a reduction of his prison term upon vacatur and resentence. (Correction Law, § 218; *People ex rel. Dote* v. *Martin,* 294 N. Y. 330, 333; *People ex rel. Rainone* v. *Murphy,* 1 N Y 2d 367, 370; *Harris* v. *State of New York,* 21 Misc 2d 89.)

Time credited to a prisoner in reduction of his sentence for good conduct and efficient and willing performance of his assigned duties may be granted, withheld, forfeited or restored subject to rules and regulations which the Commissioner is authorized to promulgate and enforce. Any such reduction received by a prisoner prior to his release on parole is forfeited and not restorable upon his return to the jurisdiction of the Department of Correction for a violation of parole. (Correction Law, § 230, subd. 4.) We find nothing in these statutory provisions or otherwise which indicates a legislative intent to confine the exercise of the powers conferred and the enforcement of the forfeiture mandated to the period of the original sentence where a judgment of conviction has been vacated and a new sentence imposed. (*People ex rel. Bell* v. *Murphy,* 18 A D 2d 17.)

In addition to attacking the petition on the merits the respondent also urged at Special Term that the petitioner was barred from instituting the proceeding by the provisions of section 510 of the Penal Law. This construction of the statute with which Special Term indicated informal agreement cannot be sustained. The use of the mandamus provisions of article 78 by persons imprisoned to challenge the validity of the computation of their prison terms has received judicial sanction. (*People ex rel. Anow* v. *Hunt,* 259 App. Div. 1071; *Matter of Colin* v. *New York State Parole Bd.,* 13 A D 2d 555; *Matter of Browne* v. *New York State Bd. of Parole,* 10 N Y 2d 116, 121–122.)

The order appealed from should be affirmed, without costs.

Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

Order affirmed, without costs.