■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO FIGUEROA, Appellant. [846 NYS2d 87]—

Order, Supreme Court, New York County (Rena K. Uviller, J.), entered on or about November 8, 2006, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously affirmed.

It is undisputed that there was no mention at the plea proceeding or sentencing, or in the commitment sheet or any other court record, that a period of postrelease supervision (PRS) would be added to defendant's sentence of 16 years. Defendant moved to set aside his sentence on the sole ground that he was never informed that such a period would be added (*see People v Catu*, 4 NY3d 242 [2005]), noting that the Department of Correctional Services had added such a five-year period to his sentence.

A *Catu* claim appearing on the face of the record may not be raised in a CPL article 440 motion (*People v Louree*, 8 NY3d 541 [2007]). Moreover, a *Catu* issue goes to the voluntariness of the plea, which is not a basis upon which to set aside a sentence under CPL 440.20.

Since, however, "[n]either the sentencing minutes, nor the court's order of commitment, mentioned the imposition of any period of post-release supervision . . . , the sentence actually imposed by the court never included, and does not now include, any period of postrelease supervision" (*People v Noble*, 37 AD3d 622 [2007]). The Department of Correctional Services lacked authority to add PRS to defendant's sentence, since "prison officials are *conclusively bound* by the contents of commitment papers accompanying a prisoner" (*Matter of Murray v Goord*, 1 NY3d 29, 32 [2003] [internal quotation marks and citation omitted]). Therefore, there is no basis to vacate the judgment or modify the sentence. Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.