OPINION OF THE COURT
Richard Lee Price, J.
On October 8, 2003, petitioner was convicted, upon his plea of guilty, of criminal possession of a weapon in the third degree in New York County Supreme Court (Berkman, J.), and sentenced to a determinate term of three years’ imprisonment. On October 15, 2003, petitioner was convicted, upon his plea of guilty, of criminal possession of a weapon in the third degree in Kings County Supreme Court (Del Giudice, J.), and sentenced, as a second felony offender, to an indeterminate term of 2 to 4 years, to be served concurrently with his New York County sentence. After sentencing, a three-year period of postrelease supervision was administratively imposed on the petitioner by the Department of Correctional Services (DOCS). Petitioner seeks a writ of habeas corpus vacating a parole violation warrant lodged against him and releasing him from custody.
The relevant facts are as follows. Petitioner was convicted of criminal possession of a weapon in the third degree in the Supreme Court of both New York and Kings Counties on October 8, 2003 and October 15, 2003, respectively, pursuant to his pleas of guilty. He was sentenced to a determinate term of three years in New York County and to an indeterminate term of 2 to 4 years in Kings County, with the sentences to run concurrently. There was no mention during the plea proceedings, at sentencing, or in the commitment sheets that a period *705 of postrelease supervision would be added to petitioner’s sentence. After sentencing, a three-year period of postrelease supervision was administratively imposed on petitioner by DOCS (Penal Law § 70.45).
On November 2, 2006, during his incarceration at Attica, petitioner commenced a CPLR article 78 proceeding in Supreme Court, Wyoming County, challenging the imposition of postrelease supervision by DOCS. By order dated April 19, 2007, the Supreme Court, Wyoming County (Dadd, J.), denied the petition for the reasons stated in another decision by the court, also dated April 19, 2007, in People ex rel. Snyder v Department of Correctional Servs. (Sup Ct, Wyoming County, Dadd, J., index No. 20,435/07). In denying the petition, the court relied on Fourth Department precedent which holds that “the longest possible period of postrelease supervision is imposed by operation of law if the sentencing court does not specify a shorter term” (People ex rel. Snyder v Department of Correctional Servs. at 3, citing People v Crump, 302 AD2d 901 [4th Dept 2003] and People v Bloom, 269 AD2d 838 [4th Dept 2000]).
On April 30, 2007, petitioner was released from custody. Prior to his release, petitioner signed a certificate of release to parole supervision, agreeing to certain conditions upon his release. Petitioner was to be supervised by the Division of Parole until April 30, 2010.
On June 24, 2007, petitioner was arrested for unlawful possession of a weapon and resisting arrest. He was released on $5,000 bail pending resolution of the charges.
On August 24, 2007, parole violation warrant No. 481315 was lodged against petitioner, charging him with violating the terms of his postrelease supervision. Petitioner was remanded based upon the warrant issued for his alleged parole violation. Petitioner’s final revocation hearing is still pending.
By writ of habeas corpus submitted to this court on October 31, 2007, petitioner seeks an order vacating the parole warrant lodged against him on the ground that the period of postrelease supervision imposed on him administratively by DOCS after sentencing is a nullity. Petitioner seeks an order vacating the parole violation warrant lodged against him and directing his release from custody. The Division of Parole responds that petitioner is barred from challenging the imposition of postrelease supervision under the doctrines of res judicata and collateral estoppel, since he has already litigated this issue in the Wyoming County Supreme Court, which ruled that the three-year *706 period of postrelease supervision was properly imposed. The Division additionally argues that a writ of habeas corpus is not the appropriate vehicle through which to challenge postrelease supervision and that this issue should be addressed by the sentencing court or on direct appeal. The Division asserts that this court should not assume the role of an appellate court and modify the sentence imposed by the sentencing court. On the merits, the Division contends that petitioner’s sentence includes postrelease supervision by operation of law pursuant to Penal Law § 70.45.
By letter dated November 29, 2007 the Division raises an additional argument, namely, that the Court of Appeals decision in People v Hill (9 NY3d 189 [2007]) establishes that the sole remedy of a defendant challenging the imposition of postrelease supervision is to seek vacatur of a plea.
Conclusions of Law
Preliminarily, the court concludes that the petitioner is not barred under the doctrines of collateral estoppel or res judicata from seeking relief in this case. Petitioner’s application before the Wyoming County Supreme Court was made while he was still incarcerated at Attica, prior to his release to parole supervision and prior to the parole warrant lodged against him following his arrest on another matter. The sole issue in the article 78 proceeding before the Wyoming County Supreme Court was whether the three-year period of postrelease supervision administratively imposed by DOCS was proper. In the case at bar, unlike the article 78 proceeding before the Wyoming County Supreme Court, petitioner is seeking release from custody and challenging the parole violation warrant lodged against him subsequent to his release from Attica. Inasmuch as petitioner is currently imprisoned as a result of the parole violation warrant lodged against him, it is within his right to inquire as to the “cause of such detention” pursuant to CPLR 7002 (a). The legality of petitioner’s detention and the propriety of the parole violation warrant lodged against him were not before the Wyoming County Supreme Court. Thus, the issues raised in the instant habeas corpus proceeding are not identical to the claim litigated in the article 78 proceeding (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 348-349 [1999]; Matter of Washington v Lippman, 30 AD3d 299 [1st Dept 2006]). Accordingly, since the petitioner’s writ of habeas corpus seeks relief that could not have been sought in the article 78 proceeding, he is not barred by collateral estoppel and res judicata (see Parker *707 v Blauvelt Volunteer Fire Co., supra; Matter of Williams v Travis, 20 AD3d 622 [3d Dept 2005]; cf. Matter of LaRocco v Goord, 43 AD3d 500 [3d Dept 2007] [petitioner brought three prior proceedings for writs of habeas corpus]).
The court also rejects the Division’s claim that a writ of habeas corpus is not the appropriate forum to seek relief of a post-release supervision claim. Numerous courts have sustained writs of habeas corpus and vacated parole warrants where the sentencing court failed to impose postrelease supervision (see People ex rel. Santos v Warden, George R. Varna Ctr., 17 Misc 3d 1120[A], 2007 NY Slip Op 52089[U] [Sup Ct, Bronx County 2007, Gross, J.]; People ex rel. Mazario v Warden, 16 Misc 3d 1109[A], 2007 NY Slip Op 51357[U] [Sup Ct, Bronx County 2007, Dawson, J.]; People ex rel. White v Warden, Rikers Is. Correctional Facility, 15 Misc 3d 360 [Sup Ct, Bronx County 2007, Marcus, J.]; People ex rel. Johnson v Warden, 15 Misc 3d 1102[A], 2007 NY Slip Op 50463[U] [Sup Ct, Bronx County 2007, Adler, J.]; People ex rel. Nelson v Warden, Sup Ct, Bronx County, July 24, 2007, Fisch, J., index. No. 75121/07; People ex rel. Hyter v Warden, Sup Ct, Bronx County, June 8, 2007, Clancy, J., index No. 7509/07; People ex rel. Feminella v New York State Div. of Parole, Sup Ct, Bronx County, May 11, 2007, Fabrizio, J., index No. 51179/07; People ex rel. Brown v Warden, Sup Ct, Bronx County, Apr. 4, 2007, Boyle, J., index No. 757036/07; People ex rel. Lewis v Warden, Otis Baum Correctional Ctr., 14 Misc 3d 468 [Sup Ct, Bronx County 2006, Cirigliano, J.]).
Turning to the merits of the application, the court concludes that the petition should be sustained. The issuance of a parole warrant violation based upon petitioner’s new arrest was improper since the sentence imposed by the sentencing court did not include postrelease supervision. The First Department has expressly ruled that the sentence imposed by the court does not include any period of postrelease supervision where neither the sentencing minutes, nor the court’s order of commitment, mention the imposition of any period of postrelease supervision (see People v Figueroa, 45 AD3d 297 [2007]). Relying on precedent from the Second Department, the First Department held that “the sentence actually imposed by the court never included, and does not now include, any period of post-release supervision” (People v Figueroa at 298 [emphasis added], quoting People v Noble, 37 AD3d 622 [2d Dept 2007]).
Here, too, under the law of the First Department, which controls petitioner’s application for habeas corpus relief, *708 petitioner’s sentence “never included and does not now include” postrelease supervision, since it was not mentioned at sentencing or in the order of commitment. The Division’s assertion that granting the petition would require this court to effectively act as an appellate court is without merit. No modification of the sentence imposed in this case is necessary, since, under People v Figueroa, the sentence imposed does not include post-release supervision.
Finally, the court rejects the Division’s argument that the Court of Appeals decision in People v Hill (9 NY3d 189 [2007]) establishes that the sole remedy of a defendant challenging the imposition of postrelease supervision is to seek vacatur of a plea. The Court of Appeals did not rule on, nor was it presented with, the issue whether the administrative imposition of post-release supervision constitutes a due process violation.
Accordingly, petitioner’s writ of habeas corpus is sustained, parole violation warrant No. 481315 is vacated and, pursuant to CPLR 7010 (a), it is directed that petitioner be discharged from detention on this matter.