■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONIS COLLADO, Appellant. [849 NYS2d 558]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J., at suppression hearing; William A. Wetzel, J., at

jury trial and sentence), rendered September 6, 2005, convicting defendant of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of eight years, unanimously affirmed.

The court properly denied defendant's suppression motion. An unidentified complainant pointed to defendant and his companions and told the police that these men, one of whom was allegedly armed with a handgun, tried to rob him. As the marked patrol car approached, the men took various evasive actions that raised the officers' level of suspicion, and one of defendant's companions pulled out an air pistol resembling a firearm. At this point, the police had probable cause for the arrest and removal to the station house of all three men, including defendant. The police made unsuccessful attempts to locate the unidentified complainant, but during the detention at issue defendant was identified, at a lineup, by the victim of another robbery, leading to the instant conviction. We do not find that the unidentified complainant's disappearance detracted from the reliability of his complaint, particularly since the officers independently corroborated that information through their observation of suspicious behavior and an apparent firearm (*see People v Simpson*, 244 AD2d 87, 91 [1998], *appeal withdrawn* 92 NY2d 947 [1998]). Contrary to defendant's argument, he was not arrested on the basis of his "mere propinquity to others independently suspected of criminal activity" (*Ybarra v Illinois*, 444 US 85, 91 [1979]), but because the police had probable cause to believe he and the others were involved in a joint criminal enterprise (*see People v Davis*, 308 AD2d 343 [2003], *lv denied* 1 NY3d 570 [2003]).

The postrelease supervision (PRS) component of defendant's sentence was constitutionally imposed. Although the court did not mention PRS during the sentencing proceedings, its worksheet and commitment sheet reflect that defendant's sentence includes a five-year term of PRS. Since defendant was a second violent felony offender convicted of a class C violent felony, a five-year term of PRS was mandatory. In contrast to situations where a court fails to pronounce orally a PRS term of discretionary length (*see People v Williams*, 44 AD3d 335 [2007]), or where PRS is imposed by correctional officials with no court involvement (*see People v Figueroa*, 45 AD3d 297 [2007]), a PRS term of mandatory length may be imposed by way of court documents (*see People v Sparber*, 34 AD3d 265, 266 [2006], *lv granted* 9 NY3d 882 [2007]). Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and Acosta, JJ.