■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACKIE LEWIS, Respondent, v WARDEN, OTIS BAUM CORRECTIONAL CENTER, et al., Appellants. [858 NYS2d 141]—

Order, Supreme Court, Bronx County (Caesar D. Cirigliano, J.), entered December 14, 2006, which granted the petition for a writ of habeas corpus seeking to vacate a parole warrant charging petitioner with violation of conditions of postrelease supervision (PRS), unanimously affirmed, without costs.

Supreme Court properly concluded that petitioner's sentence did not include PRS, and that the term of PRS administratively imposed by the Department of Correctional Services (DOCS) was a nullity (*see* 14 Misc 3d 468 [2006]). The sentencing court failed to mention PRS at the time sentence was imposed. Even if petitioner was advised that he was subject to a term of PRS at his plea proceeding, petitioner was not sentenced to PRS because the PRS term "was not 'pronounced' [by the court] as required by CPL 380.20 and 380.40" (*People v Sparber*, 10 NY3d 457, 470 [2008]).

Although the absence of PRS results in a sentence that is not in compliance with Penal Law § 70.45, DOCS lacks the authority to administratively impose a term of PRS, as "the sentencing judge—and only the sentencing judge—is authorized to pronounce the PRS component of a defendant's sentence" (*Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362 [2008]).

"[H]abeas corpus is an appropriate proceeding to test a claim that the relator has been imprisoned after having been deprived of a fundamental constitutional or statutory right in a criminal

prosecution, including, but not limited to, the right to be tried and sentenced by a court having jurisdiction over the charge and the person" (*People ex rel. Keitt v McMann*, 18 NY2d 257, 262 [1966]; *see* CPLR 7002 [a]). Since the parole warrant alleged a violation of a nonexistent portion of petitioner's sentence, it was not a valid basis for his detention. Concur—Lippman, P.J., Andrias, Williams and McGuire, JJ.* [*See* 14 Misc 3d 468 (2006).]

---

* This decision is without prejudice to an appropriate application for resentencing in the proper forum (*see Garner* at 363 n 4).