*517 OPINION OF THE COURT
Caesar. D. Cirigliano, J.
Petitioner seeks a writ of habeas corpus on the grounds that his due process rights have been violated by the administrative imposition of a period of postrelease supervision (hereinafter PRS) by the respondent New York State Division of Parole (hereinafter Division).
On May 30, 2002, the Honorable Evelyn L. Braun of Queens County Supreme Court sentenced petitioner to a determinate term of five years’ imprisonment for a single count of sexual abuse in the first degree. A period of PRS was not imposed at the time of sentence nor was a period of PRS added to petitioner’s commitment sheet as per a copy of the same provided by respondents. Nevertheless, a five-year period of PRS was administratively imposed on petitioner which is not set to expire until August 27, 2011.
In 2006, petitioner was released and on June 21, 2006, parole violation warrant No. 468007 was issued and lodged against petitioner, charging him with violations of the conditions of his release. Petitioner waived his preliminary parole revocation hearing and, on September 18, 2006, he had his final parole revocation hearing. Petitioner was found to be in violation of the conditions of his release and a time assessment of 24 months was imposed. Petitioner is currently incarcerated at Mohawk Correctional Facility in Oneida County.
On October 15, 2007, Justice Braun issued a decision on a motion brought by the petitioner pro se in which he argued against the imposition of PRS. Justice Braun noted that “[o]n May 30, 2002, defendant was sentenced to a determinate term of imprisonment of five years. During the imposition of sentence, the Court did not refer to the period of post-release supervision which defendant was informed about during the plea allocution.” Justice Braun made a determination that because she had advised petitioner during the plea allocution that a five-year period of postrelease supervision would accompany his determinate sentence, that the proper remedy was to resentence petitioner to the five-year PRS nunc pro tunc “in accordance to the plea entered on May 2, 2002.” The matter was set down for resentencing and on February 29, 2008, Justice Braun resentenced defendant to a five-year PRS nunc pro tunc.
The issue before this court is whether a defendant could be violated for PRS where none existed. It is not this court’s inten *518 tion to review the decision or actions of a judge of concurrent jurisdiction; however, as the matter is before this court, the issue of the appropriateness of the imposition of PRS by the respondents must be addressed.
Discussion and Conclusion
Prior to the Court of Appeals recent holdings in Matter of Garner v New York State Dept. of Correctional Servs. (10 NY3d 358 [2008]) and People v Sparber (10 NY3d 457 [2008]), numerous lower courts have addressed the question of whether the Department of Correctional Services (hereinafter DOCS) and/or the Division of Parole had the statutory authority to administratively impose PRS where none has been pronounced by the sentencing court.[1] However, in Garner (at 362), the Court of Appeals very clearly held that “the combined command of CPL 380.20 and 380.40 is that the sentencing judge — and only the sentencing judge — is authorized to pronounce the PRS component of a defendant’s sentence.” In light of the Court of Appeals holding that “ ‘ “prison officials are conclusively bound by the contents of commitment papers accompanying a prisoner” ’ and therefore DOCS must generally ‘comply with the plain terms of the last commitment order received’ ” (at 362, quoting Matter of Murray v Goord, 1 NY3d 29, 32 [2003]), the Court of Appeals went on to find that DOCS exceeded its limited authority in the sentencing area by administratively imposing PRS.
Although the Court of Appeals did not address the due process concerns of Earley v Murray (451 F3d 71 [2d Cir 2006]), it did reaffirm its earlier due process decisions: “That the sentencing process is a crucial stage of the criminal process which rises to constitutional dimensions is beyond dispute.” (People v Perry, 36 NY2d 114, 119 [1975].) Moreover, the Court of Appeals held that
“even in cases with mandatory PRS terms, the defendant still has a statutory right to hear the court’s pronouncement as to what the entire sentence encompasses, directly from the court. CPL 380.20 and *519 380.40 reflect the view that sentencing is a critical stage of criminal proceedings . . . that is of ‘monumental significance because it determines the price society will exact for the particular transgressions involved.’ Because that is so, a clerk’s notations on a worksheet or a commitment sheet, ... do not satisfy the statutory mandate.” (See Sparber at 470 [citations omitted], quoting People v Perry at 119; People v Harris, 79 NY2d 909, 910 [1992]; People v Stroman, 36 NY2d 939, 940 [1975].)
Considering these decisions together with the Appellate Division, First Department, decisions in People v Figueroa (45 AD3d 297 [1st Dept 2007]), People v Collado (47 AD3d 547 [1st Dept 2008]), and more recently People ex rel. Lewis v Warden, Otis Baum Correctional Ctr. (51 AD3d 512 [1st Dept 2008]), can only lead to the conclusion that the act of the Division/DOCS to administratively impose PRS where a judge has failed to do so at the time of sentencing is, in fact, a “nullity” and a violation of the petitioner’s due process and statutory rights. The Appellate Division, First Department, in Lewis, following the holdings of Garner and Sparber, held that “[e]ven if petitioner was advised that he was subject to a term of PRS at his plea proceeding, petitioner was not sentenced to PRS because the PRS term ‘was not “pronounced” [by the court] as required by CPL 380.20 and 380.40’ ” (at 512, quoting Sparber at 470).
Although both petitioner and respondent have submitted voluminous briefs on the issue(s) at hand, in light of Garner, Sparber and Lewis, this court will not address the respondents’ reliance on People v Hill (9 NY3d 189 [2007]). However, this court will address the nunc pro tunc issue enunciated in Matter of Freeman v New York State Correction Dept. (20 AD2d 825 [3d Dept 1964]).
It is this court’s opinion that Freeman is distinguishable from the case at hand. In Freeman (at 825) the petitioner had been sentenced by the court to “an indeterminate term of not less than 10 years nor more than 30 years[’]” incarceration and resentenced nunc pro tunc to the same term of 10 to 30 years. In the matter at hand, the petitioner was sentenced to a determinate term of five years for a single count of sexual abuse in the first degree and the PRS term was never pronounced by the court but instead was administratively imposed by DOCS. Further, even though petitioner was advised of PRS during the plea proceeding, this did not satisfy the mandates of CPL 380.20 *520 and 380.40 and, pursuant to the present case law, the first time defendant was advised by the court of the PRS portion of his sentence was during the recent resentencing. (Lewis, supra.) In the case before the court, there was no vacatur of a previous sentence as in Freeman, but the five-year sentence imposed by Justice Braun remained intact except for the imposition of PRS nunc pro tunc by way of resentencing.
Furthermore, in Freeman (at 825) the court’s main concern was the issue of what time credit to give the petitioner, where his sentence was vacated and he was resentenced to the same term, and “between the impositions of the sentences the petitioner was paroled, declared delinquent and returned to prison on three separate occasions.” The court found that
“the Penal Law provides that where a judgment of conviction is vacated and a new sentence is thereafter imposed with respect to the same crime ‘any time spent by a person under the original sentence shall be deducted from and credited to the term of the sentence subsequently imposed with respect to such crime.’ ” (Id. at 825.)[2]
Here, the court is not required to determine the time credit and/or deductions allowed for the petitioner but rather an issue of first impression which the Court of Appeals did not address in Garner or Sparber, namely, whether a petitioner can be violated for PRS where none existed.
Starting from the proposition that the administratively imposed PRS in the instant case is a nullity and a violation of the petitioner’s statutory and due process rights, then one must question, how can a defendant be held on a parole violation based on conditions of a term of PRS which did not exist? The simple answer in this court’s opinion is that a defendant cannot be violated for PRS where none existed.
In Sparber (at 471), the Court of Appeals held that the primary remedy for a petitioner who either took a plea or was convicted after jury trial and was not advised of PRS at sentence was “to vacate the sentence and remit for a resentencing hearing.” Here, Justice Braun, preempting the Court of Appeals, resen *521 tenced the petitioner nunc pro tunc to that portion of his sentence that included PRS, although there was no vacatur of the original sentence. The issue is whether the resentencing of the petitioner nunc pro tunc to add the PRS component can cure the infirmity of a petitioner being violated for a PRS that was imposed by DOCS or the Division. In this court’s opinion, it does not. The only authority submitted by the respondents to support their position is People v Freeman which is distinguishable, misplaced and not applicable to the facts in this case.
Thus, the only option that would comport with the recent holdings of the Court of Appeals, and that would indeed protect the petitioner’s due process and statutory rights, would be to vacate the parole warrant for which he was illegally held and to release the defendant to PRS pursuant to Justice Braun’s resentencing with all conditions regarding time credit and deductions.
Accordingly, because the action by the Division of administratively imposing PRS upon the petitioner postsentence was in excess of its authority and hence a nullity and because it violated the petitioner’s due process and statutory rights under the Constitution of the United States, the Constitution of the State of New York and CPL 380.20 and 380.40, respectively, this writ is hereby sustained.
Parole violation warrant No. 468007 is hereby vacated. The Division, the Warden and DOCS are hereby ordered to release petitioner upon receipt of this order, unless petitioner is found to be presently incarcerated on the basis of some other warrant or commitment not predicated upon the alleged violations of parole.

. In addition to the cases cited in this decision the following cases have tackled the specific issue: People v Wilson (37 AD3d 855 [2d Dept 2007]); People v Noble (37 AD3d 622 [2d Dept 2007]); People v Smith (37 AD3d 499 [2d Dept 2007]); Matter of Dreher v Goord (46 AD3d 1261 [3d Dept 2007]); Matter of Quinones v New York State Dept. of Correctional Servs. (46 AD3d 1268 [3d Dept 2007]); People ex rel. Eaddy v Goord (48 AD3d 1307 [4th Dept 2008]); People ex rel. Burch v Goord (48 AD3d 1306 [4th Dept 2008]).

. In terms of time credited or subtracted, it is this court’s opinion that Freeman can be the main guide for future PRS problems regarding this issue and also that Justice Braun’s nunc pro tunc resentencing, in operation, would allow the petitioner to get credit for time served up to the point of resentencing and from the point of resentencing going forward would allow deductions if he absconds.