■ In the Matter of STATE OF NEW YORK, Appellant, v F.E., Respondent. [883 NYS2d 507]—

Order, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), entered on or about November 17, 2008, which granted respondent's motion to dismiss the State's petition for civil management under Mental Hygiene Law article 10, unanimously affirmed, without costs.

Respondent pleaded guilty to sexual abuse in the first degree (Penal Law § 130.65) and was sentenced to a negotiated determinate term of five years' imprisonment. Because the court failed to impose a period of postrelease supervision (PRS) as required by Penal Law § 70.45, the Department of Correctional Services (DOCS), while respondent was incarcerated, administratively added five years of PRS to the judicially pronounced sentence. Respondent served his five-year term and was released from prison, but subsequently pleaded guilty to failing to register and verify his address as a sex offender, a violation of Correction Law § 168-f and a class A misdemeanor, and was sentenced to 90 days in jail. Because of that conviction and sentence, respondent's PRS was revoked and he was returned to prison for two years. On the conditional release date of this two-year sentence, rather than being released, respondent was placed in the custody of the New York State Office of Mental Health (OMH) and admitted to an OMH facility pursuant to a commitment procedure in Mental Hygiene Law article 9 that, at or about the same time, was found to be improper by the Court of Appeals (see State of N.Y. ex rel. Harkavy v Consilvio, 7 NY3d 607 [2006]). Thereafter, pursuant to Mental Hygiene Law article 10 (Sex Offender Management and Treatment Act, L 2007, ch 7), enacted shortly after respondent's November 2006 transfer to OMH (see generally State of N.Y. ex rel. Harkavy v Consilvio, 8 NY3d 645 [2007]), the State filed a sex offender civil management petition against respondent alleging, inter alia, that respondent was a "detained sex offender" under Mental Hygiene Law § 10.03 (g) (5), in that he had been in the custody of an "agency with jurisdiction," namely OMH, with respect to a sex offense of which he had been convicted, and was, after September 1, 2005, a patient in a hospital operated by OMH who had been admitted directly to that hospital pursuant to article 9. Under section 10.03 (a), an "agency with jurisdiction" is defined as "that agency which, during the period in question, would be the agency responsible for supervising or releasing [a] person." While it is true that respondent falls within the literal defini-

tion of a "detained sex offender" under section 10.03 (g) (5), we reject petitioner's argument that section 10.03 (g) (5) applies to all sex offenders improperly committed under article 9 no matter the nature of any other irregularity or unlawfulness involved in the commitment, including those, like respondent, who had been improperly detained by virtue of an unlawful, administratively imposed period of PRS. The proceeding was properly dismissed because, DOCS' administrative imposition of PRS having been outside its jurisdiction and therefore null from its inception (cf. Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d 358, 362 [2008]), respondent was not in DOCS' lawful custody at the time of his transfer to OMH, and thus could not be lawfully transferred by DOCS to OMH. OMH, therefore, was not an "agency with jurisdiction" "during [any] period in question." Under the statutory scheme, given no "agency with jurisdiction," there can be no "detained sex offender" status (see People ex rel. Joseph II. v Superintendent of Southport Correctional Facility, 59 AD3d 921 [2009]; Matter of State of New York v Randy M., 57 AD3d 1157, 1159 [2008], lv denied 11 NY3d 921 [2009]).

Motion seeking to amend caption granted. Concur—Gonzalez, P.J., Andrias, Buckley and Acosta, JJ.