■ In the Matter of STATE OF NEW YORK, Appellant, v HUMBERTO G., Respondent. [885 NYS2d 312]—

In a proceeding pursuant to Mental Hygiene Law article 10

for the civil management of Humberto G., an alleged sex offender, the petitioner appeals from an order of the Supreme Court, Kings County (Dowling, J.), dated March 6, 2009, which granted the respondent's motion to dismiss the petition.

Ordered that the order is affirmed, without costs or disbursements.

In April 2001, Humberto G. (hereinafter the respondent) was sentenced to a determinate term of imprisonment of seven years upon his conviction of attempted rape in the first degree. Although the Supreme Court did not impose a period of postrelease supervision at sentencing, the Department of Correctional Services (hereinafter DOCS) administratively imposed such supervision upon the respondent's release in January 2007. On the date of his release, the respondent was transferred directly to an Office of Mental Health (hereinafter OMH) sex-offender treatment program at the Central New York Psychiatric Center (hereinafter CNYPC) pursuant to Mental Hygiene Law § 9.13 as a voluntary patient.

In July 2007 the respondent violated the terms of his administratively-imposed postrelease supervision and was returned to the custody of DOCS. In September 2008 DOCS provided OMH and the Attorney General with notice that respondent may be a detained sex offender who was nearing his anticipated release date (see Mental Hygiene Law § 10.05 [b]). OMH conducted an evaluation pursuant to Mental Hygiene Law article 10 and the State of New York thereafter commenced the instant proceeding by filing a sex offender civil management petition (see Mental Hygiene Law § 10.06 [a]).

At a resentencing hearing before the Supreme Court, Kings County, in October 2008, the court declined to impose a period of postrelease supervision in accordance with the prosecutor's decision not to seek such supervision; however, the respondent remained in the custody of DOCS pending the determination of this proceeding.

The Supreme Court granted the respondent's motion to dismiss the petition on the ground that the respondent was not a "detained sex offender," as that term is defined by Mental Hygiene Law § 10.03 (g) (5), because DOCS was not an "agency with jurisdiction" (Mental Hygiene Law § 10.05 [b]) due to its unlawful detention of the respondent pursuant to an administratively-imposed period of postrelease supervision. The State appeals.

Pursuant to Mental Hygiene Law § 10.05 (b), "[w]hen it appears to an agency with jurisdiction . . . that a person who may be a detained sex offender is nearing an anticipated release, the

agency shall give notice of that fact to the[A]ttorney [G]eneral and to the [C]ommissioner of [M]ental [H]ealth." An agency with jurisdiction is defined as "that agency which, during the period in question, would be the agency responsible for supervising or releasing such person" (Mental Hygiene Law § 10.03 [a]). A detained sex offender is defined as someone who is, among other things, "in the care, custody, control, or supervision of an agency with jurisdiction" with respect to a conviction for a sex offense (Mental Hygiene Law § 10.03 [g]).

Since the respondent was not lawfully in the custody of DOCS when the article 10 review was commenced, DOCS was not an agency with jurisdiction and, thus, the respondent was not a detained sex offender (*see People ex rel. Joseph II. v Superintendent of Southport Correctional Facility*, 59 AD3d 921, 922 [2009]; *Matter of State of New York v Randy M.*, 57 AD3d 1157, 1159 [2008]). Furthermore, the fact that the respondent had been admitted to a hospital facility operated by OMH pursuant to Mental Health Law § 9.13 did not render him a detained sex offender under Mental Hygiene Law § 10.03 (g) (5). DOCS initiated the article 10 review in September 2008 when it gave notice to the Attorney General and OMH pursuant to section 10.05 (b), even though DOCS was not an agency with jurisdiction at that time (*see People ex rel. Joseph II. v Superintendent of Southport Correctional Facility*, 59 AD3d at 922; *People ex rel. David NN. v Hogan*, 53 AD3d 841, 843 [2008], *lv denied* 11 NY3d 708 [2008]). Accordingly, as the notice was not properly issued by an agency with jurisdiction concerning a detained sex offender, the Supreme Court properly granted the respondent's motion to dismiss the petition.

The remaining contentions of the State are raised for the first time on appeal and therefore are not properly before this Court (*see Matter of Bart v Miller*, 302 AD2d 379 [2003]; *Sandoval v Juodzevich*, 293 AD2d 595 [2002]; *Koehler v Town of Smithtown*, 280 AD2d 648 [2001]). Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.