OPINION OF THE COURT
Michael C. Lynch, J.
Petitioner Louis Medina, an inmate at the Gouverneur Correctional Facility, commenced this CPLR article 78 proceeding seeking review of a determination by respondent New York State Department of Correctional Services (DOCS) to impose a five-year period of postrelease supervision on his sentence pursuant to Penal Law § 70.45. By decision and order dated August 15, 2008 (Lynch, J.), this court granted the petition, because, as the most recent cases from the Appellate Division and “the Court of Appeals make clear, only the sentencing judge is authorized to impose a period of postrelease supervision” (Matter of Smiley v Department of Correctional Servs., 52 AD3d 978, 978-979 [2008]; see Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d 358 [2008]). Contending that there has been a change in the law that would change the prior determination, respondent now seeks leave to renew pursuant to CPLR 2221 (e) (2).
A movant seeking leave to renew must “demonstrate that there has been a change in the law that would change the prior determination” (CPLR 2221 [e] [2]). Here, respondent argues that chapter 141 of the Laws of 2008 effective on June 30, 2008 is a change in the law that would change this court’s prior determination. Specifically, respondent contends that leave to renew is appropriate because, since the enactment of chapter 141, “courts have held that the proper result of an Article 78 such as petitioner’s is dismissal, and the Court should not vacate the PRS component of the sentence during the pendency of the resentencing proceeding” (Higgins affirmation 1i 9, citing Solano v New York State Dept. of Correctional Servs., Sup Ct, Albany County, July 8, 2008, index No. 8507-07).
Chapter 141 of the Laws of 2008, in relevant part, amends the Correction Law to require the Department of Correctional Services to notify the sentencing court when it becomes aware that an inmate’s commitment order does not indicate that a *511 term of postrelease supervision was imposed at sentencing (Correction Law § 601-d [2]). Upon receipt of such notice, the sentencing court must then either (1) issue a superseding commitment order with an explanation if, in fact, a term of post-release supervision was imposed at sentencing (Correction Law § 601-d [3]), or (2) appoint counsel and commence a proceeding to resentence the inmate within 30 days from the date it originally received notice from DOCS, and issue and enter a written determination (Correction Law § 601-d [4] [a], [b], [d]). Unless the time frames are extended with the inmate’s consent, the written determination to resentence the inmate must be issued within 40 days from the date the sentencing court received notice from DOCS (Correction Law § 601-d [4] [d], [e]).
This court does not agree that chapter 141 of the Laws of 2008 is a change in the law that warrants renewal of the prior determination (cf. Solano, supra; see Matter of Billups v Fischer, 20 Misc 3d 1146[A], 2008 NY Slip Op 51888[U] [2008]). Indeed, the stated purpose of the law was not to change the law that only the sentencing court can impose terms of postrelease supervision, but to “provide [ ] a framework for a prompt, fair, and careful response to [Matter of Garner v New York State Dept. of Correctional Servs. (10 NY3d 358 [2008]) and People v Sparber (10 NY3d 457 [2008])]” (Senate Mem in Support of L 2008, ch 141, 2008 McKinney’s Session Laws of NY, at 1818). Notably, respondent does not advise whether, since the enactment of chapter 141 of 2008, it has complied with Correction Law § 601-d.
Accordingly, respondent’s motion to renew is denied and the court’s prior determination remains, except to clarify that the matter is remitted to the Department of Correctional Services for further proceedings in accordance with chapter 141 of the Laws of 2008.