■ The People of the State of New York, Respondent, v Gregory Jones, Appellant. [875 NYS2d 907]—

Appeal by the defendant, as limited by his brief, from so much of a sentence of the County Court, Westchester County (Zambelli, J.), imposed April 1, 2003, upon his conviction of manslaughter in the first degree and robbery in the first degree, upon his plea of guilty, as imposed an unspecified period of postrelease supervision.

Ordered that the sentence is reversed insofar as appealed from, on the law, and the matter is remitted to the County Court, Westchester County, for imposition of a five-year period of postrelease supervision.

The defendant pleaded guilty to manslaughter in the first degree (Penal Law § 125.20 [1]) and robbery in the first degree (Penal Law § 160.15 [1]), in exchange for a promise that he would be sentenced to concurrent determinate prison terms of 10 years and an unspecified period of postrelease supervision. At sentencing, the County Court imposed the agreed-upon concurrent determinate prison terms of 10 years and also told the defendant, "[i]t is furthermore ordered that you serve a period of postrelease supervision as provided by law." By law, that period of postrelease supervision was required to be five years (*see* Penal Law former § 70.45 [2]). As the People correctly concede, the County Court's failure to specify, at sentence, that the period of postrelease supervision was five years violated its obligation under CPL 380.20 to "pronounce sentence" and the requirement under CPL 380.40 that "[t]he defendant . . . be personally present at the time sentence is pronounced" (*see People v Sparber,* 10 NY3d 457, 470-471 [2008]). Consequently,

the matter must be remitted to the County Court, Westchester County, for the court to pronounce the required five-year period of postrelease supervision in the defendant's presence. Mastro, J.P., Fisher, Miller and Carni, JJ., concur.