■ In the Matter of DAMON VINCENT, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [906 NYS2d 393]—

Appeal from a judgment of the Supreme Court (Pritzker, J.), entered February 18, 2009 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondent from imposing a period of postrelease supervision upon him.

Petitioner pleaded guilty to kidnapping in the second degree and, in 2002, he was sentenced to an agreed-upon prison term of 18 years and "the standard period of postrelease supervi-

sion." After petitioner entered the prison system, the Department of Correctional Services (hereinafter DOCS) interpreted that statement as imposing a five-year period of postrelease supervision. Petitioner commenced this CPLR article 78 proceed seeking to prohibit DOCS from administratively adding that period to his sentence. Supreme Court dismissed the petition, prompting this appeal.

We reverse. Even if, as respondent claims, the period of postrelease supervision was set by law, the sentencing court was nevertheless required to pronounce the specific period at sentencing (*see* CPL 380.20, 380.40; *People v Sparber*, 10 NY3d 457, 470-471 [2008]; *People v Jones*, 61 AD3d 701, 701 [2009]). As the sentencing court did not do so, DOCS was without jurisdiction to specify the period of postrelease supervision (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362 [2008]; *Matter of Dreher v Goord*, 46 AD3d 1261, 1262 [2007]). Petitioner is accordingly entitled to a writ prohibiting DOCS from imposing any period of postrelease supervision not specified in his sentence, although DOCS may take the proper steps to have his sentence corrected by the sentencing court.

Cardona, P.J., Peters, Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.